1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  STEPHEN J. MCINTYRE (S.B. #274481)
   smcintyre@omm.com
3  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars
4  Los Angeles, California  90067-6035
   Telephone:   +1 310 553 6700
5  Facsimile:    +1 310 246 6779

6  STEPHEN D. BRODY (*pro hac vice forthcoming*)
   sbrody@omm.com
7  O'MELVENY & MYERS LLP
   1625 Eye Street, NW
8  Washington, DC  20006-4001
   Telephone:   +1 202 383 5300
9  Facsimile:    +1 202 383 5414

10 *Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| UNITED STATES,<br><br>             Plaintiff,<br><br>      v.<br><br>BYTEDANCE LTD., BYTEDANCE INC., TIKTOK LTD., TIKTOK INC., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC.,<br><br>             Defendants. | Case No. 2:24-cv-06535 ODW (RAOx)<br><br>Hon. Otis D. Wright, II<br><br>**DEFENDANTS' NOTICE OF RELATED CASES** |
|---|---|
| A.A., a minor, by and through their guardian ad litem, MARCELO MUTO, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>BYTEDANCE LTD., BYTEDANCE INC., TIKTOK LTD., TIKTOK INC., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC.,<br><br>             Defendants. | Case No. 2:24-cv-06784 SVW (AJRx)<br><br>Hon. Stephen V. Wilson |

By order dated August 14, 2024, the action *United States v. ByteDance Ltd.*, No. 2:24-cv-06535 ODW (RAOx) ("*U.S. v. ByteDance*"), was determined to be related to *United States v. Musical.ly*, No. 2:19-cv-01439 ODW (RAOx), and was transferred to the Honorable Otis D. Wright, II for all further proceedings. *See U.S. v. ByteDance*, No. 2:24-cv-06535 ODW (RAOx), Dkt. 25.

Pursuant to Local Rule 83-1.3.1, Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. (collectively, "Defendants") file this Notice of Related Case to inform the Court that *U.S. v. ByteDance* is related to another action that has been filed in this District: *A.A. v. ByteDance Inc.*, No. 2:24-cv-06784 SVW (AJRx) (C.D. Cal. Aug. 9, 2024) ("*A.A.*"). *A.A.* is related to *U.S. v. ByteDance* because both actions are asserted against the same Defendants; both actions allegedly arise from the same or a closely related transaction, happening, or event; and both actions call for a determination of the same or substantially related questions of law or fact.

While Defendants vigorously dispute both plaintiffs' allegations, in both *U.S. v. ByteDance* and *A.A.*, plaintiffs assert that the same alleged conduct by Defendants violates the law. For example, in both cases, plaintiffs allege that children under the age of 13 could circumvent TikTok's "age gate," that Defendants knew children under 13 years were accessing TikTok outside of "Kids Mode" but failed to take action, that Defendants' process by which parents can request deletion of children's data is unreasonable, and that Defendants failed to keep records required by a 2019 injunction in *United States v. Musical.ly*, No. 2:19-cv-01439-ODW (RAOx) (C.D. Cal. Feb. 27, 2019). Indeed, the allegations in both complaints are nearly identical—the *A.A.* complaint repeats allegations and quotations that appear in the *U.S. v. ByteDance* complaint, and the first third of the *A.A.* complaint is nearly indistinguishable from the *U.S. v. ByteDance* complaint. Both cases therefore arise from the same alleged transaction, happening, or event.

DEFENDANTS' NOTICE OF RELATED CASES

Likewise, both cases call for a determination of the same or substantially related questions of law or fact. While the causes of action in *U.S. v. ByteDance* and *A.A.* are based on different statutes and laws, the allegedly unlawful conduct is the same. Moreover, in *U.S. v. ByteDance*, the United States alleges that Defendants' conduct violates the Children's Online Privacy Protection Act ("COPPA") and the Federal Trade Commission Act ("FTC Act"), while many of the causes of action in *A.A.* are expressly premised on alleged COPPA violations or alleged violations of "Little FTC Acts," which the *A.A.* plaintiffs tout as "enacted for the specific purpose of supplementing the FTC's mission of protecting consumers . . . by providing state citizens with a private right of action to seek redress for harm arising out of those acts which are also prohibited by the FTC Act."

Accordingly, *U.S. v. ByteDance* and *A.A. v. ByteDance Inc.*, No. 2:24-cv-06784 SVW (AJRx) (C.D. Cal. Aug. 9, 2024), are related cases within the meaning of Local Rule 83-1.1.3.

In making this filing, Defendants do not thereby waive service of process in *A.A.*, but expressly reserve all defenses, including as to service of process.[1]

---

[1] *See Colley v. Vierra*, 2020 WL 1216753, at *4 (C.D. Cal. Feb. 5, 2020) ("A notice of appearance in federal court does not waive service of process as long as the defendant preserves the defense of insufficient process in its first responsive pleading.") (quotation omitted).

DEFENDANTS' NOTICE OF RELATED CASES

| | |
|---|---|
| Respectfully submitted,<br><br>Dated: August 15, 2024 | By:  /s/ *Daniel M. Petrocelli*<br>      Daniel M. Petrocelli<br><br>DANIEL M. PETROCELLI (S.B. #97802)<br>dpetrocelli@omm.com<br>STEPHEN MCINTYRE (S.B. #274481)<br>smcintyre@omm.com<br>O'MELVENY & MYERS LLP<br>1999 Avenue of the Stars<br>Los Angeles, California  90067-6035<br>Telephone:  +1 310 553 6700<br>Facsimile:   +1 310 246 6779<br><br>STEPHEN D. BRODY (*pro hac vice forthcoming*)<br>sbrody@omm.com<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC  20006-4001<br>Telephone:  +1 202 383 5300<br>Facsimile:   +1 202 383 5414<br><br>*Attorneys for ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.* |