DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
STEPHEN J. MCINTYRE (S.B. #274481)
smcintyre@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice* forthcoming)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>BYTEDANCE LTD., BYTEDANCE INC., TIKTOK LTD., TIKTOK INC., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC.,<br><br>Defendants. | Case No. 2:24-cv-06535 ODW (RAOx)<br><br>Hon. Otis D. Wright, II |
| A.A., a minor, by and through their guardian ad litem, MARCELO MUTO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BYTEDANCE INC., BYTEDANCE LTD., TIKTOK LTD., TIKTOK INC., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC.,<br><br>Defendants. | Case No. 2:24-cv-06784 ODW (RAOx)<br><br>Hon. Otis D. Wright, II |

DEFENDANTS' NOTICE OF RELATED CASES

| | |
|---|---|
| JODY VILLANUEVA, on behalf of J.C.; ANGELA FAUCETT, on behalf of K.F.; and LAMARTINE PIERRE, JR., on behalf of C.P., <br><br> Plaintiffs, <br><br> v. <br><br> BYTEDANCE INC., BYTEDANCE LTD., TIKTOK LTD., TIKTOK INC., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC., <br><br> Defendants. | Case No. 2:24-cv-07922 FLA (AJRx) <br><br> Hon. Fernando L. Aenlle-Rocha |

## DEFENDANTS' NOTICE OF RELATED CASES

By order dated August 14, 2024, the action *United States v. ByteDance Ltd.*, No. 2:24-cv-06535 ODW (RAOx) ("*U.S. v. ByteDance*"), was determined to be related to *United States v. Musical.ly*, No. 2:19-cv-01439 ODW (RAOx), and was transferred to the Honorable Otis D. Wright, II for all further proceedings. *See U.S. v. ByteDance*, No. 2:24-cv-06535 ODW (RAOx), Dkt. 25.

By order dated September 11, 2024, the action *A.A. v. ByteDance Inc.*, No. 2:24-cv-06784-ODW (RAOx) ("*A.A.*"), was determined to be related to *U.S. v. ByteDance*, and was transferred to the Honorable Otis D. Wright, II for all further proceedings. *See A.A.*, No. 2:24-cv-06784 ODW (RAOx), Dkt. 31.

Pursuant to Local Rule 83-1.3.1, Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. (collectively, "Defendants") file this Notice of Related Cases to inform the Court that *U.S. v. ByteDance* and *A.A.* are related to another action that has been filed in this District: *Villanueva v. ByteDance Inc.*, No. 2:24-cv-07922 FLA (AJRx) (C.D. Cal. Sept. 17, 2024) ("*Villanueva*"). *Villanueva* is related to *A.A.* and *U.S. v. ByteDance* because all three actions are asserted against the same Defendants; allegedly arise from the same or a closely related transaction, happening, or event;

and call for a determination of the same or substantially related questions of law or fact. Indeed, plaintiffs in *Villanueva* identified *A.A.* and *U.S. v. ByteDance* as related to *Villanueva* in the civil cover sheet that accompanied their complaint and have filed a Notice of Related Cases in *Villanueva* stating that their action is related to *A.A.* and *U.S. v. ByteDance*. *Villanueva*, No. 2:24-cv-07922 FLA (AJRx), Dkt. 2 at 3; *id.*, Dkt. 4.

While Defendants vigorously dispute plaintiffs' allegations, in all three cases plaintiffs assert that the same alleged conduct by Defendants violates the law.[1] For example, in each case, plaintiffs allege that children under the age of 13 could circumvent TikTok's "age gate," that Defendants knew children under 13 years were accessing TikTok outside of "Kids Mode" but failed to take action, and that Defendants have not abided by the 2019 injunction entered in *United States v. Musical.ly*, No. 2:19-cv-01439-ODW (RAOx). Both the *A.A.* and *Villanueva* complaints draw heavily from the *U.S. v. ByteDance* complaint. All three cases therefore arise from the same alleged transaction, happening, or event.

Likewise, all three cases call for a determination of the same or substantially related questions of law or fact.[2] While the causes of action in *U.S. v. ByteDance*, *A.A.*, and *Villanueva* are generally based on different statutes and laws, the allegedly unlawful conduct is the same. Moreover, in *U.S. v. ByteDance*, the United States alleges that Defendants' conduct violates the Children's Online Privacy Protection Act ("COPPA") and the Federal Trade Commission Act ("FTC Act"), while many of the causes of action in *A.A.* and *Villanueva* are expressly premised on alleged COPPA violations or alleged violations of "Little FTC Acts,"

---

[1] *See* Plaintiffs' Notice of Related Cases, *Villanueva*, No. 2:24-cv-07922 FLA (AJRx), Dkt. 4 at 2 ("Plaintiffs' allegations are premised on the same underlying conduct alleged in both *U.S. v. ByteDance* and *A.A. v. ByteDance*.").

[2] *See* Plaintiffs' Notice of Related Cases, *Villanueva*, No. 2:24-cv-07922 FLA (AJRx), Dkt. 4 at 2 ("[T]his case calls for a determination of the same or substantially related questions of law and fact as the related cases.").

which the *A.A.* plaintiffs tout as "enacted for the specific purpose of supplementing the FTC's mission of protecting consumers … by providing state citizens with a private right of action to seek redress for harm arising out of those acts which are also prohibited by the FTC Act." *A.A.* Compl. ¶ 110.[3]

Accordingly, *U.S. v. ByteDance*, *A.A.*, and *Villanueva* are related cases within the meaning of Local Rule 83-1.1.3.

In making this filing, Defendants do not thereby waive service of process in *Villanueva*, but expressly reserve all defenses, including as to service of process.[4]

---

[3] *See* Plaintiffs' Notice of Related Cases, *Villanueva*, No. 2:24-cv-07922 FLA (AJRx), Dkt. 4 at 2 ("Like *A.A. v. ByteDance*, this case brings claims for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and unjust enrichment. And like *U.S. v. ByteDance*, these claims are expressly premised on violations of the Children's Online Privacy Protection Act[.]").

[4] *See Colley v. Vierra*, No. CV 19-1988-FMO (AGR), 2020 WL 1216753, at *4 (C.D. Cal. Feb. 5, 2020) ("A notice of appearance in federal court does not waive service of process as long as the defendant preserves the defense of insufficient process in its first responsive pleading.") (quotations omitted).

DEFENDANTS' NOTICE OF RELATED CASES

| | |
|---|---|
| Respectfully submitted,<br><br>Dated: September 20, 2024 | By:  /s/ *Daniel M. Petrocelli*<br>       Daniel M. Petrocelli<br><br>DANIEL M. PETROCELLI (S.B. #97802)<br>dpetrocelli@omm.com<br>STEPHEN MCINTYRE (S.B. #274481)<br>smcintyre@omm.com<br>O'MELVENY & MYERS LLP<br>1999 Avenue of the Stars<br>Los Angeles, California  90067-6035<br>Telephone:  +1 310 553 6700<br>Facsimile:   +1 310 246 6779<br><br>STEPHEN D. BRODY (*pro hac vice* forthcoming)<br>sbrody@omm.com<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC  20006-4001<br>Telephone:  +1 202 383 5300<br>Facsimile:   +1 202 383 5414<br><br>*Attorneys for ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.* |