DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
STEPHEN J. MCINTYRE (S.B. #274481)
smcintyre@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone:  +1 310 553 6700
Facsimile:   +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone:  +1 202 383 5300
Facsimile:   +1 202 383 5414

*Attorneys for Defendants ByteDance Ltd.,
ByteDance Inc., TikTok Ltd., TikTok Inc.,
TikTok Pte. Ltd., and TikTok U.S. Data
Security Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>                    Plaintiff,<br><br>          v.<br><br>BYTEDANCE LTD., BYTEDANCE INC., TIKTOK LTD., TIKTOK INC., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC.,<br><br>                    Defendants. | Case No. 2:24-cv-06535 ODW (RAOx)<br><br>**DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT**<br><br>Hon. Otis D. Wright, II |

## **INTRODUCTION**

The TikTok platform[1] is an online entertainment media platform that enables users aged 13 and up to create, share, and view videos. In keeping with its mission "to inspire creativity and bring joy,"[2] the TikTok platform provides a creative and entertaining forum for users to share their talents, skills, passions, and ideas. And it empowers users to showcase products and services, tell their brand stories, and connect with their target audiences, serving as an important avenue for American businesses large and small to engage in commercial activity that helps drive the American economy. In all, more than 170 million Americans use the TikTok platform every month to learn and share information about a range of topics.

TikTok does not allow children under 13 to access the portion of the TikTok platform that is not directed to them (the "13+ Experience"). TikTok requires all users to provide their birthdates before they can create an account, and for U.S. users who are younger than 13, TikTok offers a separate experience sometimes referred to as "Kids Mode." Kids Mode is a distinct portion of TikTok's service that is specifically designed to allow users under age 13 to experience the platform in an age-appropriate manner. TikTok limits the personal information collected from Kids Mode users, consistent with the Children's Online Privacy Protection Act ("COPPA"), and does not generate revenue from Kids Mode users.

While COPPA does not require TikTok to proactively search for potential child users on the 13+ Experience, TikTok has voluntarily implemented systems and

---

[1] The Government's Complaint generally does not distinguish between the six Defendants. Instead, throughout the Complaint, the Government refers to "Defendants" in the aggregate. In this Answer, Defendants likewise respond to aggregate allegations with aggregate responses; this Answer uses "Defendants" or "TikTok" to refer collectively to the six named Defendants, except where a specific company name is otherwise noted. Defendants' response that "Defendants" or "TikTok" engaged in certain conduct does not mean that each of the Defendants engaged in that conduct, but that at least one did. This Answer uses "the TikTok platform" to refer to the platform that TikTok Inc. provides in the United States.

[2] About TikTok, https://www.tiktok.com/about?lang=en.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:24-CV-06535 ODW (RAOx)

processes to identify and remove users who may be under 13. TikTok is constantly looking for ways to improve its systems and processes as needed with the goal of detecting and removing underaged users who manage to sign up for TikTok in contravention of the company's policies—again, going above and beyond COPPA's requirements.

As this action will confirm, TikTok has complied with COPPA in protecting children under 13 and safeguarding the platform. There is no basis for granting the relief the Government seeks.

## **RESPONSE TO NUMBERED PARAGRAPHS**

The section headings in the Complaint do not require a response. To the extent that the section headings contain allegations requiring a response, TikTok denies all such allegations.

**1.** Defendants admit only that the TikTok platform is offered in the United States, and allege that the TikTok platform is an entertainment platform and that certain data is collected and processed from TikTok users in a manner that complies with applicable laws. Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 1.

**2.** Defendants admit only that children[3] are allowed to create "Kids Mode" accounts, and allege that "Kids Mode" is designed for children, limits the information collected from them consistent with COPPA, and prevents them from sharing videos, exchanging messages with other users, and creating publicly visible profiles. Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 2.

**3.** The allegations in Paragraph 3 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 3.

**4.** Because Paragraph 4 is merely Plaintiff's characterization of its case, no

---

[3] As used in the Answer, "child" and "children" refer to children under the age of 13 years old.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:24-CV-06535 ODW (RAOx)

response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 4, and specifically deny that Plaintiff is entitled to injunctive relief, civil penalties, or any other relief.

5.    The allegation in Paragraph 5 is a purported legal conclusion not subject to admission or denial.

6.    The allegation in Paragraph 6 is a purported legal conclusion not subject to admission or denial.

7.    Because Paragraph 7 is merely Plaintiff's characterization of its case, no response is required.  To the extent a further response is required, Defendants deny the allegations in Paragraph 7, and specifically deny that Plaintiff is entitled to the relief sought in the Complaint.

8.    Defendants admit only that TikTok Inc. is a California corporation with its principal place of business at 5800 Bristol Parkway, Culver City, California 90230, and that TikTok Inc. transacts business in this District.  Except as expressly admitted, Defendants deny the allegations in Paragraph 8.

9.    Defendants admit only that TikTok U.S. Data Security Inc. is a Delaware corporation with its principal place of business at 5800 Bristol Parkway, Culver City, California 90230.  Except as expressly admitted, Defendants deny the allegations in Paragraph 9.

10.    Defendants admit only that ByteDance Ltd. is a Cayman Islands company.  Except as expressly admitted, Defendants deny the allegations in Paragraph 10.

11.    Defendants admit only that ByteDance Inc. is a Delaware corporation. Except as expressly admitted, Defendants deny the allegations in Paragraph 11.

12.    Defendants admit only that TikTok Pte. Ltd. is a Singapore company. Except as expressly admitted, Defendants deny the allegations in Paragraph 12.

13.    Defendants admit only that TikTok Ltd. is a Cayman Islands company. Except as expressly admitted, Defendants deny the allegations in Paragraph 13.

14.     Defendants admit only that ByteDance Ltd. is the parent of ByteDance Inc. and TikTok Ltd.; that TikTok Ltd. is the parent of nonparty TikTok LLC and TikTok Pte. Ltd.; that nonparty TikTok LLC is the parent of TikTok Inc.; that TikTok Inc. is the parent of TikTok U.S. Data Security Inc.; and that the TikTok platform is offered in the United States.  Except as expressly admitted, Defendants deny the allegations in Paragraph 14.

15.     Defendants admit only that TikTok Inc. has promoted the TikTok platform in the United States, including through advertising; that TikTok Inc. has employed U.S.-based staff and executives; and that TikTok Inc. developed the TikTok platform to enable it to run on Apple and Android devices.  Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16.     Defendants admit only that TikTok Inc. has responsibilities for developing, providing, and supporting the TikTok platform in the United States; and that ByteDance Inc. provides support for the TikTok platform, which is provided by its affiliate, TikTok Inc., in the United States.  Except as expressly admitted, Defendants deny the allegations in Paragraph 16.

17.     Defendants admit only that TikTok Pte. Ltd. is identified as the developer of the TikTok platform in the Google Play Store and as the seller of the TikTok platform in the Apple App Store.  Except as expressly admitted, Defendants deny the allegations in Paragraph 17.

18.     Defendants admit only that TikTok Ltd. is identified as the developer of the TikTok platform in the Apple App Store, that TikTok Pte. Ltd. is identified as the developer of the TikTok platform in the Google Play Store, and that the tiktok.com domain is registered to TikTok Ltd.  Except as expressly admitted, Defendants deny the allegations in Paragraph 18.

19.     Defendants deny the allegations in Paragraph 19.

20.     Defendants admit only that from March 2021 to April 2022, Shou Zi Chew served as Chief Financial Officer of ByteDance Ltd., which is a holding

company with no employees; that Zhang Yiming, who served as CEO of ByteDance Ltd. prior to November 2021, served as a Director at TikTok Ltd., which is a holding company with no employees, prior to July 2021; that Liang Rubo, who has served as CEO of ByteDance Ltd. since November 2021, has served as a Director at TikTok Ltd. since July 2021; that Roland Cloutier served as TikTok Inc.'s Chief Information Security Officer; that the CEO of TikTok Inc. receives stock-based compensation from ByteDance Ltd.; and that some TikTok Inc. employees may participate in ByteDance Ltd.'s stock option plan.  Except as expressly admitted, Defendants deny the allegations in Paragraph 20.

21.   Defendants deny that ByteDance Ltd. (an equity holding company) provides legal, safety, and privacy resources to other Defendants, and that Defendants have one centralized bank account.  Defendants respectfully refer to the Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief (the "2019 Order") entered at *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10), which speaks for itself in all respects.

22.   Defendants deny the allegations in Paragraph 22.

23.   The allegation in Paragraph 23 is a purported legal conclusion not subject to admission or denial.

24.   The allegations in Paragraph 24 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.   The allegations in Paragraph 25 are a series of purported legal conclusions not subject to admission or denial.

a.   The allegations in Paragraph 25.a are a series of purported legal conclusions not subject to admission or denial.

b.   The allegation in Paragraph 25.b is a purported legal conclusion

1  not subject to admission or denial.

2      **c.**    The allegation in Paragraph 25.c is a purported legal conclusion
3  not subject to admission or denial.

4      **d.**    The allegation in Paragraph 25.d is a purported legal conclusion
5  not subject to admission or denial.

6      **e.**    The allegation in Paragraph 25.e is a purported legal conclusion
7  not subject to admission or denial.

8      **26.**    Defendants admit only that Musical.ly was a video-based platform that
9  had millions of U.S. users and that, in February 2019, the United States filed a
10  complaint against Musical.ly and Musical.ly, Inc.  Defendants respectfully refer to
11  the complaint in *United States v. Musical.ly*, No. 2:19-cv-01439-ODW-RAO (C.D.
12  Cal.), which speaks for itself in all respects.  Except as expressly admitted,
13  Defendants deny the allegations in Paragraph 26.

14      **27.**    Defendants admit only that on March 27, 2019, this Court entered the
15  2019 Order between the United States, Musical.ly, and Musical.ly, Inc.  Defendants
16  respectfully refer to the 2019 Order, which speaks for itself in all respects.  Except
17  as expressly admitted, Defendants deny the allegations in Paragraph 27.

18      **28.**    Defendants admit only that in April 2019, Musical.ly was renamed
19  TikTok Ltd., and in May 2019, Musical.ly, Inc. was renamed TikTok Inc.  The
20  remaining allegation in Paragraph 28 is a purported legal conclusion not subject to
21  admission or denial.  Except as expressly admitted, Defendants deny the allegations
22  in Paragraph 28.

23      **29.**    Defendants admit only that the TikTok platform is an online
24  entertainment platform that consumers may access via the Internet or through a
25  software application; that the TikTok platform has been operated since before 2019;
26  and that, in November 2017, ByteDance Ltd. purchased Musical.ly.  Except as
27  expressly admitted, Defendants deny the allegations in Paragraph 29.

28      **30.**    Defendants deny that TikTok coins are purchased through the TikTok

- 6 -

Shop, but otherwise admit the allegations in Paragraph 30 with respect to the 13+ Experience. Except as expressly admitted, Defendants deny the allegations in Paragraph 30.

31. Defendants admit only that the TikTok platform features a "For You" feed that provides content to users. Except as expressly admitted, Defendants deny the allegations in Paragraph 31.

32. Defendants admit only that certain algorithms are trained on data collected from users of the TikTok platform. Except as expressly admitted, Defendants deny the allegations in Paragraph 32.

33. Defendants admit only that the TikTok platform has more than 170 million monthly users in the United States. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 33.

34. Defendants admit only that certain employees of TikTok have known about COPPA, the COPPA Rule, and/or their requirements. Defendants respectfully refer to the 2019 Order, which speaks for itself in all respects. Except as expressly admitted, Defendants deny the allegations in Paragraph 34.

35. The allegations in the first three sentences and the last sentence of Paragraph 35 are a series of purported legal conclusions not subject to admission or denial. Defendants otherwise deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 36.

37. The allegations in Paragraph 37 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is required, Defendants deny the allegations in Paragraph 37.

38. The allegations in Paragraph 38 are a series of purported legal conclusions not subject to admission or denial. To the extent a further response is

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:24-CV-06535 ODW (RAOx)

1    required, Defendants deny the allegations in Paragraph 38.

2        **39.**     The allegations in the second and third sentences of Paragraph 39 are a

3    series of purported legal conclusions not subject to admission or denial. Defendants

4    admit only that, since at least March 2019, Kids Mode has been offered to users in

5    the United States who provide a birthdate indicating an age under 13 years old at the

6    TikTok platform's age gate. Except as expressly admitted, Defendants deny the

7    allegations in Paragraph 39.

8        **40.**     Defendants admit only that, since March 2019, when users in the

9    United States attempt to create a TikTok account, they generally have had to go

10    through the TikTok platform's age gate by providing a birthdate; that if users indicate

11    that they are 13 or older, they may then create an account using either an email

12    address and password or a phone number and SMS code; that those users may then

13    use their accounts to view, create, post, and share videos, and, if the user is age 16 or

14    older, to message other TikTok users. Except as expressly admitted, Defendants

15    deny the allegations in Paragraph 40.

16        **41.**     Defendants admit only that, for TikTok users who self-identify as 13 or

17    older at the age gate, certain information is collected, consistent with TikTok's

18    Privacy Policy,[4] which speaks for itself in all respects. Except as expressly admitted,

19    Defendants deny the allegations in Paragraph 41.

20        **42.**     Defendants admit only that certain information is collected from users,

21    consistent with TikTok's Privacy Policy, which speaks for itself in all respects.

22    Except as expressly admitted, Defendants deny the allegations in Paragraph 42.

23        **43.**     Defendants allege that, consistent with COPPA, TikTok provides notice

24    to parents regarding Kids Mode accounts through its Children's Privacy Policy,[5] and

25    no other parental notification or consent is required for Kids Mode accounts. Subject

26

27    [4] Privacy Policy, https://www.tiktok.com/legal/page/us/privacy-policy/en.

   [5] Children's Privacy Policy, https://www.tiktok.com/legal/page/global/childrens-privacy-
28    policy/en.

      DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:24-CV-06535 ODW (RAOx)

to Defendants' allegation, Defendants admit the allegations in Paragraph 43.

44.    Defendants admit and allege only that, in Kids Mode, (1) a user can view videos or create videos and save them on their device only, but (2) cannot upload videos, post information publicly, or message other users; and (3) that, consistent with COPPA, limited information is collected from Kids Mode accounts.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 44.

45.    Defendants admit only that, consistent with COPPA, until late 2020, if an individual in the United States submitted a birthdate indicating that he or she was under 13 years old, he or she potentially could have restarted the account creation process.    Defendants further admit that in late 2020, TikTok implemented an additional measure designed to prevent users under 13 years old from accessing the 13+ Experience.  Except as expressly admitted, Defendants deny the allegations in Paragraph 45.

46.    Defendants admit only that, until at least May 2022, users could sign up for the TikTok platform using their login credentials from certain third-party online services.  Except as expressly admitted, Defendants deny the allegations in Paragraph 46.

47.    Defendants deny the allegations in Paragraph 47.

48.    Defendants admit only that users could create TikTok accounts using Google account credentials.    Except as expressly admitted, Defendants deny the allegations in Paragraph 48.

49.    Defendants deny the allegations in Paragraph 49.

50.    Defendants deny the allegations in Paragraph 50.

51.    Defendants admit and allege only that, beginning in 2022, TikTok started requiring all users, including users who had signed up using a third-party service's credentials and passed through a third party's age gate, to go through the TikTok platform's age gate.  Except as expressly admitted or alleged, Defendants deny the allegation in Paragraph 51.

1    **52.**    Defendants admit only that, consistent with COPPA, TikTok collects and maintains a username, password, and birthdate for Kids Mode users, as well as certain other persistent identifiers as permitted by COPPA.  Except as expressly admitted, Defendants deny the allegations in Paragraph 52.

**53.**    The allegations in Paragraph 53 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations in Paragraph 53.

**54.**    Defendants admit only that, consistent with COPPA, app activity data, device information, mobile carrier information, and app information are collected from Kids Mode users.  Except as expressly admitted, Defendants deny the allegations in Paragraph 54.

**55.**    Defendants deny the allegations in Paragraph 55.

**56.**    Defendants deny the allegations in Paragraph 56.

**57.**    Defendants respectfully refer to the cited document, which speaks for itself in all respects.  The allegation in the final sentence of Paragraph 57 is a purported legal conclusion not subject to admission or denial.  Defendants otherwise deny the allegations in Paragraph 57.

**58.**    Defendants admit and allege only that users in Kids Mode can send feedback using an in-app "Report a Problem" function that, consistent with COPPA, was designed to allow a child to enter an email address so that TikTok can respond to that request.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 58.

**59.**    Defendants admit only that between February 2019 and July 2022, Kids Mode users submitted over 300,000 reports that included email addresses.  Except as expressly admitted, Defendants deny the allegations in Paragraph 59.

**60.**    The allegations in the first sentence of Paragraph 60 are a series of purported legal conclusions not subject to admission or denial.  Defendants otherwise deny the allegations in Paragraph 60.

1   **61.**   Defendants deny the allegations in Paragraph 61.

2   **62.**   Defendants lack knowledge or information sufficient to form a belief as

3   to the truth of the allegations in Paragraph 62.

4   **63.**   The allegations in the first sentence of Paragraph 63 are a series of

5   purported legal conclusions not subject to admission or denial.   Defendants

6   respectfully refer to the 2019 Order, which speaks for itself in all respects.

7   Defendants otherwise deny the allegations in Paragraph 63.

8   **64.**   Defendants respectfully refer to the cited documents, which speak for

9   themselves in all respects.  Defendants otherwise deny the allegations in Paragraph

10  64.

11  **65.**   Defendants deny the allegations in Paragraph 65.

12  **66.**   Defendants admit only that, previously, parents could request the

13  deletion of their child's TikTok account and personal information by contacting a

14  specified email address.   Except as expressly admitted, Defendants deny the

15  allegations in Paragraph 66.

16  **67.**   Defendants admit only that in response to a request from someone

17  purporting to be a parent of a child user to delete that user's account, employees

18  review the account for objective indicators that the user is under 13 years old; and

19  that reviewers were given guidance for identifying potential users under 13.  Except

20  as expressly admitted, Defendants deny the allegations in Paragraph 67.

21  **68.**   Defendants admit only that under a former policy, if someone claimed

22  to be the parent of an alleged child user, a trained moderator would review the user's

23  account to assess whether the account met TikTok's criteria for identifying suspected

24  users under age 13, and if the moderator did not determine that the account met the

25  criteria, the purported parent would be required to complete and sign a form

26  certifying his or her relationship to the child before the account was removed from

27  the platform.   Except as expressly admitted, Defendants deny the allegations in

28  Paragraph 68.

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:24-CV-06535 ODW (RAOx)

69.    Defendants admit and allege only that under a former policy, if someone claimed to be the parent of an alleged child user, a trained moderator would review the user's account to assess whether the account met TikTok's criteria for identifying suspected users under age 13, and if the moderator did not determine that the account met TikTok's criteria for identifying suspected users under age 13, the purported parent would be required to complete and sign a form certifying his or her relationship to the child before the account was removed from the platform.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 69.

70.    Defendants deny the allegations in Paragraph 70.

71.    Defendants respectfully refer to the cited documents, which speak for themselves in all respects.   Defendants otherwise deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72.

73.    Defendants deny the allegations in Paragraph 73.

74.    Defendants deny the first sentence of Paragraph 74.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 74.

75.    Defendants admit only that, in limited circumstances, an account might not have been removed after someone purporting to be a parent of an alleged child user submitted a form certifying his or her relationship to the alleged child user. Except as expressly admitted, Defendants deny the allegations in Paragraph 75.

76.    Defendants deny the allegations in Paragraph 76.

77.    Defendants admit only that TikTok uses technology, user reports, and human moderation to identify TikTok accounts potentially belonging to children, and allege that if an account is deemed to satisfy TikTok's criteria for identifying suspected users under age 13, the account is removed.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 77.

78.    Defendants admit only that keyword matching technology, among other

methods, searches users' bios for terms that suggest that the account may belong to a child; and that accounts containing such terms are reviewed for potential removal. Except as expressly admitted, Defendants deny the allegations in Paragraph 78.

79.    Defendants admit only that human moderators review accounts flagged as potentially belonging to children by the keyword matching process or by other methods; and that the moderators are instructed to remove an account if the account meets TikTok's criteria for identifying suspected users under age 13.  Except as expressly admitted, Defendants deny the allegations in Paragraph 79.

80.    Defendants admit and allege only that prior to mid-2020, TikTok's underage moderation policy required an admission indicating that a user may be under age 13 and sufficient indicators in the user's content that he or she may be under age 13; that between mid-2020 and the first half of 2021, TikTok's underage moderation policy was updated to require only an admission indicating that a user may be under age 13; and that in second half of 2021, TikTok's underage moderation policy was further updated to require either an admission indicating that a user may be under age 13 or sufficient indicators in the user's content that he or she may be under age 13.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 80.

81.    Defendants admit and allege only that, to facilitate an independent and unbiased review, moderators are not told why an account was flagged as potentially belonging to a child; that moderators cannot view the videos watched by the user or the accounts the user follows; and that if TikTok's criteria for identifying suspected users under age 13 are not met, the moderator may not remove the account.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 81.

82.    Defendants admit only that at times since the entry of the 2019 Order, the TikTok platform has had tens of millions of monthly active users in the United States.  Except as expressly admitted, Defendants deny the allegations in Paragraph 82.

**83.**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

**84.**    Defendants deny the allegations in the first sentence of Paragraph 84. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

**85.**    Defendants deny the allegations in Paragraph 85.

**86.**    Defendants admit and allege only that a user may report another user's video as violating one of TikTok's policies; that a reported video is added to a video queue and reviewed by human moderators, who review the video to determine if it violates TikTok's policies; that if a moderator determines that the video satisfies TikTok's criteria for applying the "Content Depicting Under the Age of Admission" or "Suspected Underaged User" tag, they can apply the applicable tag; that moderators in the video queue lack unilateral authority to remove an account; and that an account that posted a video tagged as "Content Depicting Under the Age of Admission" or "Suspected Underaged User" is referred to a separate moderation team that assesses whether the account satisfies TikTok's criteria for identifying suspected users under age 13.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 86.

**87.**    Defendants admit and allege only that, for a time, accounts that posted videos tagged as "Content Depicting Under the Age of Admission" or "Suspected Underaged User" were not sent for underage account moderation review due to a technical issue, which has been resolved.  Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 87.

**88.**    Defendants admit only that TikTok conducts quality assurance reviews of its content moderation processes, wherein quality assurance reviewers review a subset of previously reviewed accounts or videos to evaluate whether moderators had correctly applied company policies to those accounts or videos.  Except as expressly admitted, Defendants deny the allegations in Paragraph 88.

**89.** Defendants admit only that TikTok's quality assurance reviewers at times reached a different conclusion than the moderator with respect to whether an account satisfies TikTok's criteria for identifying suspected users under age 13. Defendants otherwise deny the allegations in Paragraph 89.

**90.** Defendants deny the allegations in Paragraph 90.

**91.** Defendants respectfully refer to the cited documents, which speak for themselves in all respects. Defendants otherwise deny the allegations in Paragraph 91.

**92.** The allegations in the first sentence of Paragraph 92 include a purported legal conclusion not subject to admission or denial. Defendants respectfully refer to the cited documents, which speak for themselves in all respects. Defendants otherwise deny the allegations in Paragraph 92.

**93.** Defendants admit only that a user's app log data may be retained for several months from the date of activity. Except as expressly admitted, Defendants deny the allegations in Paragraph 93.

**94.** Defendants deny the allegations in Paragraph 94.

**95.** Defendants admit only that sound recordings from certain accounts that were incorporated into other users' videos before the accounts were deleted as belonging to suspected child users may continue to be part of those other users' videos. Except as expressly admitted, Defendants deny the allegations in Paragraph 95.

**96.** Defendants admit and allege only that TikTok users may include in their videos another user's comment, which is displayed alongside the commenter's username and avatar, which may remain in the other user's video even after the commenter's account has been deleted. Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 96.

**97.** Defendants deny the allegations in Paragraph 97.

**98.** Defendants respectfully refer to the cited documents, which speak for

themselves in all respects.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 98. To the extent a further response is required, Defendants otherwise deny the allegations in Paragraph 98.

**99.**  The allegations in the second sentence of Paragraph 99 are a series of purported legal conclusions not subject to admission or denial.  Defendants respectfully refer to the cited documents, which speak for themselves in all respects. Defendants otherwise deny the allegations in Paragraph 99.

**100.**  Defendants admit only that certain users may have misrepresented their birthdates at the TikTok platform's age gate.  Except as expressly admitted, Defendants deny the allegations in Paragraph 100.

**101.**  Defendants respectfully refer to the cited documents, which speak for themselves in all respects.  Defendants otherwise deny the allegations in Paragraph 101.

**102.**  Defendants respectfully refer to the cited document, which speaks for itself in all respects.  Defendants otherwise deny the allegations in Paragraph 102.

**103.**  Defendants admit and allege only that TikTok has technology that estimates the potential age ranges of certain users based on various factors and that the technology was not designed, and therefore is not used, to identify child users. Except as expressly admitted or alleged, Defendants deny the allegations in Paragraph 103.

**104.**  Defendants respectfully refer to the cited document, which speaks for itself in all respects.  Defendants otherwise deny the allegations in Paragraph 104.

**105.**  Defendants admit only that, in 2020, one of the age ranges for a technology that estimates the potential age ranges of certain users was under 15 years, and that the age range was later changed to under 16 years.  Except as expressly admitted, Defendants deny the allegations in Paragraph 105.

**106.**  The allegation in the first sentence of Paragraph 106 is a purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:24-CV-06535 ODW (RAOx)

conclusion not subject to admission or denial.  Defendants respectfully refer to the 2019 Order, which speaks for itself in all respects.  Defendants otherwise deny the allegations in Paragraph 106.

**107.**   Defendants deny the allegations in Paragraph 107.

**108.**   Defendants respectfully refer to the cited documents, which speak for themselves in all respects.  Defendants otherwise deny the allegations in Paragraph 108.

**109.**   Defendants admit only that employees use Lark's messaging feature to communicate with each other and that Lark's messaging feature has a recall feature, which allows posted messages to be recalled.   Except as expressly admitted, Defendants deny the allegations in Paragraph 109.

**110.**   Defendants deny the allegations in Paragraph 110.

**111.**   Defendants respectfully refer to the cited document, which speaks for itself in all respects.  Defendants otherwise deny the allegations in Paragraph 111.

**112.**   Defendants respectfully refer to the cited document, which speaks for itself in all respects.  Defendants otherwise deny the allegations in Paragraph 112.

**113.**   Defendants respectfully refer to the cited document, which speaks for itself in all respects.  Defendants allege that TikTok voluntarily and affirmatively corrected certain statements contained in its June 12, 2020 submission to the Federal Trade Commission ("FTC"), and deny that such correction was made after follow-up inquiry by the FTC on the issue.   Except as expressly alleged, Defendants otherwise deny the allegations in Paragraph 113.

**114.**   Defendants deny the allegations in Paragraph 114.

**115.**   Defendants incorporate their responses to Paragraphs 1 through 114 as if set forth herein.

**116.**   The allegation in Paragraph 116 is a purported legal conclusion not subject to admission or denial.

**117.**   The allegations in Paragraph 117 are a series of purported legal

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:24-CV-06535 ODW (RAOx)

conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

**118.** The allegations in Paragraph 118 are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

**a.** The allegations in Paragraph 118.a are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

**b.** The allegations in Paragraph 118.b are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

**c.** The allegations in Paragraph 118.c are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

**d.** The allegations in Paragraph 118.d are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

**e.** The allegations in Paragraph 118.e are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

**f.** The allegations in Paragraph 118.f are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

**g.** The allegations in Paragraph 118.g are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is required, Defendants deny the allegations.

**h.** The allegations in Paragraph 118.h are a series of purported legal conclusions not subject to admission or denial.  To the extent a further response is

1    required, Defendants deny the allegations.

2        **i.**    The allegations in Paragraph 118.i are a series of purported legal

3    conclusions not subject to admission or denial.  To the extent a further response is

4    required, Defendants deny the allegations.

5        **j.**    The allegations in Paragraph 118.j are a series of purported legal

6    conclusions not subject to admission or denial.  To the extent a further response is

7    required, Defendants deny the allegations.

8        **k.**    The allegations in Paragraph 118.k are a series of purported legal

9    conclusions not subject to admission or denial.  To the extent a further response is

10    required, Defendants deny the allegations.

11        **119.**    The allegation in Paragraph 119 is a purported legal conclusion not

12    subject to admission or denial.  To the extent a further response is required,

13    Defendants deny the allegation.

14        **120.**    The allegation in Paragraph 120 is a purported legal conclusion not

15    subject to admission or denial.  To the extent a further response is required,

16    Defendants deny the allegation.

17        **121.**    The allegation in Paragraph 121 is a purported legal conclusion not

18    subject to admission or denial.  To the extent a further response is required,

19    Defendants deny the allegation.

20        **122.**    The allegation in Paragraph 122 is a purported legal conclusion not

21    subject to admission or denial.  To the extent a further response is required,

22    Defendants deny the allegation.

23        **123.**    The allegation in Paragraph 123 is a purported legal conclusion not

24    subject to admission or denial.  To the extent a further response is required,

25    Defendants deny the allegation.

26        **124.**    The allegations in Paragraph 124 are a series of purported legal

27    conclusions not subject to admission or denial.  To the extent a further response is

28    required, Defendants deny the allegations.

1    **125.** Defendants admit only that Plaintiff requests the forms of relief detailed

2  in Paragraphs 125.a, 125.b, and 125.c. Defendants otherwise deny that Plaintiff is

3  entitled to any relief.

4         **a.** Defendants deny that Plaintiff is entitled to the relief requested in

5  Paragraph 125.a.

6         **b.** Defendants deny that Plaintiff is entitled to the relief requested in

7  Paragraph 125.b.

8         **c.** Defendants deny that Plaintiff is entitled to the relief requested in

9  Paragraph 125.c.

10                         **DEFENSES**

11    In addition to the reasons stated above, Plaintiff is not entitled to relief, and

12  Defendants are entitled to judgment in their favor and against Plaintiff, on the basis

13  of the following Defenses, pleaded in the alternative to the extent they may be found

14  to be inconsistent. In asserting these defenses, Defendants do not assume the burden

15  of proof on any issue that would otherwise rest on Plaintiff. Further, Defendants

16  reserve all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any

17  other defenses, in law or in equity, that may now exist or in the future be available

18  based on discovery and further factual investigation in this case.

19                    **FIRST DEFENSE**

20                 *Statute of Limitations*

21    Plaintiff's claim is barred in whole or in part by any relevant statute(s) of

22  limitations, including 28 U.S.C. § 2462. Under Section 2462, Plaintiff was required

23  to bring its lawsuit within five years of the date any violation occurred. Thus, any

24  claim for civil penalties for alleged violations that occurred more than five years

25  before August 2, 2024, the date Plaintiff initiated this lawsuit, is barred by the statute

26  of limitations.

27

28

## SECOND DEFENSE

### *Laches*

Plaintiff's claim is barred in whole or in part by the doctrine of laches.  To the extent Plaintiff seeks to hold Defendants liable for conduct that occurred years ago, Plaintiff unreasonably delayed bringing such claim.

## THIRD DEFENSE

### *No Actual Knowledge of Alleged Child Users*

Plaintiff's claim is barred in whole or in part because Defendants lacked "actual knowledge that [they were] collecting personal information from a child." 15 U.S.C. § 6502(a)(1).  To the extent any child users circumvented the TikTok platform's age gate by entering false birthdates, TikTok was entitled to rely on those users' representations.  *See* Fed. Trade Comm'n, Complying With COPPA: Frequently Asked Questions, https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions ("[A]n operator of a general audience site or service that chooses to screen its users for age in a neutral fashion may rely on the age information its users enter, even if that age information is not accurate.").  Nor do TikTok's affirmative efforts to identify and remove suspected child users from the 13+ Experience indicate that Defendants had actual knowledge that they were collecting personal information from children.  COPPA does not require Defendants to "ferret through a host of circumstantial information to determine who may or may not be a child."  Children's Online Privacy Protection Rule, 76 Fed. Reg. 59804, 59806 (Sept. 27, 2011).  Imposing liability on TikTok where it at most has "circumstantial information" indicating a user's potential age would create a "'constructive knowledge' standard," which the COPPA Rule rejects.  *See id.*; *see also* Children's Online Privacy Protection Rule, 78 Fed. Reg. 3972, 3977 (Jan. 17, 2013) (rejecting "knows or has reason to know" standard).  Plaintiff's claim is thus barred insofar as Defendants did not or do not have actual knowledge of specific users' ages.

## FOURTH DEFENSE

### *Not Directed to Children*

Plaintiff's claim is barred in whole or in part because, outside of Kids Mode, the TikTok platform is not "directed to children." 15 U.S.C. § 6502(a)(1). Considering "subject matter, visual content, use of animated characters or child-oriented activities and incentives, music or other audio content, age of models, presence of child celebrities or celebrities who appeal to children, language or other characteristics of the Web site or online service, as well as whether advertising promoting or appearing on the Web site or online service is directed to children"; "competent and reliable empirical evidence regarding audience composition"; and "evidence regarding the intended audience," the TikTok platform is not "directed to children." 16 C.F.R. § 312.2 (definition of "Web site or online service directed to children"). To the extent TikTok is determined to be a mixed-audience service, the TikTok platform is not "directed to children" because it (1) "[d]oes not collect personal information from any visitor prior to collecting age information," and (2) "[p]revents the collection, use, or disclosure of personal information from visitors who identify themselves as under age 13 without first complying with the notice and parental consent provisions of this part." *Id.* TikTok age-gates all users before allowing them to create an account. Where a user indicates that he or she is younger than 13, the user cannot create a TikTok account in the 13+ Experience, and is instead directed to Kids Mode. TikTok's collection of information from Kids Mode users complies with COPPA and the COPPA Rule.

## FIFTH DEFENSE

### *Failure to Satisfy Statutory Requirements for Injunctive Relief*

Plaintiff's plea for injunctive relief is barred to the extent Plaintiff cannot prove that Defendants are "violating, or [are] about to violate," COPPA or the COPPA Rule. 15 U.S.C. § 53(b)(1). Much of the Complaint is premised on alleged conduct that, by Plaintiff's admission, has ceased. *E.g.*, Compl. ¶¶ 46, 56,

89.  Under the FTC Act, Plaintiff cannot seek to enjoin alleged violations that are neither ongoing nor imminent.

## SIXTH DEFENSE

*No Actual Knowledge of Alleged COPPA Rule Violations*

Plaintiff's plea for civil penalties is barred because, to the extent there was any alleged violation of the COPPA Rule, Defendants lacked "actual knowledge or knowledge fairly implied on the basis of objective circumstances" that their alleged conduct was "unfair or deceptive and . . . prohibited by [the COPPA Rule]." 15 U.S.C. § 45(m)(1)(A).  Moreover, Plaintiff has not identified any "final cease and desist order," issued by the FTC in a litigated case, that Defendants have allegedly violated.  15 U.S.C. § 45(m)(1)(B).  Because of this, Plaintiff cannot recover civil penalties from Defendants.

## SEVENTH DEFENSE

*Support for Internal Operations*

Plaintiff's claim is barred in whole or in part because TikTok is not required to provide notice or obtain verifiable parental consent for the collection of persistent identifiers from Kids Mode users.  Because TikTok's collection of persistent identifiers from Kids Mode users is used for the sole purpose of providing support for the internal operations of the TikTok platform, there is no obligation to provide notice or obtain verifiable parental consent.  16 C.F.R. § 312.5(c)(7).  Plaintiff's claim is therefore barred insofar as it seeks to hold Defendants liable under COPPA or the COPPA Rule for the collection, use, or disclosure of persistent identifiers from Kids Mode users.

## EIGHTH DEFENSE

*Section 230 of the Communications Decency Act (47 U.S.C. § 230)*

Plaintiff's claim is barred in whole or in part by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.  Section 230 protects online content providers from liability for publishing or curating content provided by other

information content providers, including third parties and users.  Insofar as the alleged unlawful conduct consists of publishing or curating information provided by another information content provider, Plaintiff's claim is barred by Section 230.

## NINTH DEFENSE

### *First Amendment*

Plaintiff's claim is barred in whole or in part by the First Amendment to the United States Constitution.  The First Amendment protects online platforms when they publish third-party content, including when those online platforms exercise editorial discretion in deciding what content to display.  *Moody v. NetChoice, LLC*, 144 S.Ct. 2383, 2393, 2406 (2024).  Yet Plaintiff's complaint seeks to stop and operates to chill TikTok from publishing third-party content. *See, e.g.*, Compl. ¶ 36 ("Defendants have violated COPPA . . . by . . . knowingly creating accounts for children and . . . failing to delete the accounts . . . of users they know are children."); *id.* ¶ 95 ("For example, until at least 2022, Defendants retained sound recordings of numerous children . . . and those sound recordings continued to appear in other users' videos.").  Because Plaintiff cannot show that its interpretation of the law meets First Amendment scrutiny, Plaintiff's claim fails.

## TENTH DEFENSE

### *Excessive Fines*

To the extent any civil penalties are imposed, certain awards would violate the Eighth (Excessive Fines) and Fourteenth (Due Process) Amendments of the United States Constitution.

## ELEVENTH DEFENSE

### *Due Process – Lack of Fair Notice*

Plaintiff's claim is barred in whole or in part by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  "A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *FCC v. Fox Television Stations, Inc.*, 567

U.S. 239, 253 (2012).  Yet many of Plaintiff's allegations assign fault for alleged conduct that does not violate the plain language of COPPA or the COPPA Rule.  To the extent Plaintiff seeks to hold Defendants liable for conduct permitted by COPPA or the COPPA Rule, Plaintiff's claim is barred by the Due Process Clause.

## TWELFTH DEFENSE

### *Arbitrary, Capricious, an Abuse of Discretion, or Contrary to Law*

Plaintiff's claim is barred in whole or in part because provisions of the COPPA Rule are arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. 5 U.S.C. § 706(2)(A).  To the extent Plaintiff seeks to hold Defendants liable for conduct under a provision of the COPPA Rule that is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, Plaintiff's claim is barred.

## THIRTEENTH DEFENSE

### *Estoppel*

Plaintiff's claim is barred in whole or in part by the doctrine of estoppel. Plaintiff is estopped from asserting that Defendants violated COPPA, the COPPA Rule, or the FTC Act due to any conduct that Plaintiff or the FTC consented to.

## FOURTEENTH DEFENSE

### *Waiver*

Plaintiff's claim is barred in whole or in part by the doctrine of waiver.  To the extent that Plaintiff or the FTC consented to any of Defendants' conduct, Plaintiff has waived any right to challenge that conduct in this lawsuit.

## FIFTEENTH DEFENSE

### *Additional Defenses*

Defendants are informed and believe, and on that basis allege, that there may be additional defenses available to Defendants, which are not now fully known and of which they are not now aware.  Defendants reserve the right to raise additional defenses once such defenses have been ascertained.

1

2     Respectfully submitted,                   By:     */s/ Daniel M. Petrocelli*
                                                        Daniel M. Petrocelli
3     Dated:  October 7, 2024

4                                               DANIEL M. PETROCELLI
                                                dpetrocelli@omm.com
5                                               STEPHEN MCINTYRE
                                                smcintyre@omm.com
6                                               O'MELVENY & MYERS LLP
                                                1999 Avenue of the Stars
7                                               Los Angeles, California 90067-6035
                                                Telephone:  +1 310 553 6700
                                                Facsimile:   +1 310 246 6779
8
                                                STEPHEN D. BRODY
9                                               sbrody@omm.com
                                                O'MELVENY & MYERS LLP
10                                              1625 Eye Street, NW
                                                Washington, DC 20006-4001
11                                              Telephone:  +1 202 383 5300
                                                Facsimile:   +1 202 383 5414
12
                                                *Attorneys for ByteDance Ltd., ByteDance*
13                                              *Inc., TikTok Ltd., TikTok Inc., TikTok Pte.*
                                                *Ltd., and TikTok U.S. Data Security Inc.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO COMPLAINT
NO. 2:24-CV-06535 ODW (RAOx)