DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
STEPHEN J. MCINTYRE (S.B. #274481)
smcintyre@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BYTEDANCE LTD., BYTEDANCE INC., TIKTOK LTD., TIKTOK INC., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC.,<br><br>　　　　Defendants. | No. 2:24-cv-06535 ODW (RAOx)<br><br>**DEFENDANTS' RESPONSE TO ORDERS TO SHOW CAUSE** |
| A.A., by and through their guardian ad litem, MARCELO MUTO, et al.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BYTEDANCE INC., BYTEDANCE LTD., TIKTOK LTD., TIKTOK INC., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC.,<br><br>　　　　Defendants. | No. 2:24-cv-06784 ODW (RAOx) |

| | | |
|---|---|---|
| 1 | JODY VILLANUEVA, on behalf of J.C., et al. | No. 2:24-cv-07922 ODW (RAOx) |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | BYTEDANCE INC., BYTEDANCE LTD., TIKTOK LTD., TIKTOK INC., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC., | |
| 5 | | |
| 6 | | |
| 7 | Defendants. | |

DEFENDANTS' RESPONSE TO
ORDERS TO SHOW CAUSE

## I. Introduction.

On November 14, 2024, the Court ordered the parties in the following three cases to show cause why the actions should not be consolidated: *United States v. ByteDance Ltd.*, No. 2:24-cv-06535 ODW (RAOx); *A.A. v. ByteDance Inc.*, No. 2:24-cv-06784 ODW (RAOx); and *Villanueva v. ByteDance Inc.*, No. 2:24-cv-07922 ODW (RAOx).[1] Defendants ByteDance Inc., ByteDance Ltd., TikTok Inc., TikTok Ltd., TikToke Pte. Ltd., and TikTok U.S. Data Security Inc. (collectively, "Defendants") hereby respond to the Court's orders:

As Defendants and Plaintiffs have stipulated, consolidating the *A.A.* and *Villanueva* class actions would be efficient for the Court and the parties alike. Plaintiffs in these actions assert overlapping causes of action, propose overlapping classes, and largely seek the same forms of relief. Therefore, consolidating *A.A.* and *Villanueva*—as well as any similar class actions transferred to or filed in this Court[2]—will conserve the Court's and the parties' resources by avoiding piecemeal litigation, while promoting the fair administration of justice by minimizing the possibility of inconsistent judgments.

Because the Government's action and the class actions are premised on substantially similar factual allegations, closely coordinating the actions under the Court's direction is warranted. In light of critical structure differences, however, Defendants do not believe the Government's action should be consolidated with the class actions. For example, the private Plaintiffs have no right of action under the Children's Online Privacy Protection Act ("COPPA"), the federal law on which the Government's case is based; and, likewise, the Government cannot bring class-

---

[1] *See United States v. ByteDance Ltd.*, No. 2:24-cv-06535 ODW (RAOx), Dkt. 37; *A.A. v. ByteDance Inc.*, No. 2:24-cv-06784 ODW (RAOx), Dkt. 44; *Villanueva v. ByteDance Inc.*, No. 2:24-cv-07922 ODW (RAOx), Dkt. 32.

[2] As discussed below, Defendants intend to seek to transfer to this Court three class actions that recently have been filed in other Districts.

DEFENDANTS' RESPONSE TO ORDERS TO SHOW CAUSE

based claims.  The Government and the private Plaintiffs also seek different forms of relief, which will entail different forms of proof.  For these reasons, Defendants submit that coordination of the Government and class actions is the most efficient course.

## II. Overview of the Actions.

The Government's case against Defendants is a civil enforcement action asserted under the Federal Trade Commission Act and COPPA.  *U.S.* Compl. ¶ 7.  The Government alleges that Defendants violated COPPA, the Federal Trade Commission's COPPA Rule, and the Stipulated Order this Court entered in *United States v. Musical.ly*, No. 2:19-cv-01439 ODW (RAOx), Dkt. 10 (the "Stipulated Order").  *U.S.* Compl. ¶ 3.  The Government asserts a single COPPA cause of action, *id.* ¶¶ 115-23, for which it seeks civil penalties, a permanent injunction, and "any additional relief as the Court determines to be just and proper," *id.* ¶ 125.

The *A.A.* and *Villanueva* case are putative class actions in which private Plaintiffs assert claims under the laws of California, Connecticut, Florida, New York, and Washington.  *A.A.* Compl. ¶¶ 209-318; *Villanueva* Compl. ¶¶ 113-51.  Plaintiffs' allegations closely mirror the Government's in many respects.[3]  While Plaintiffs allege that Defendants violated COPPA, *A.A.* Compl. ¶ 11; *Villanueva* Compl. ¶ 3, they do not (and cannot) bring COPPA claims.  Rather, Plaintiffs' causes of action include unjust enrichment, intrusion upon seclusion, and violations of state consumer-protection and unfair-competition statutes.  Plaintiffs in *A.A.* and *Villanueva* seek to represent putative classes of underage TikTok users residing in California, Connecticut, Florida, New York, and Washington; the *Villanueva* Plaintiffs also seek certification of a nationwide class.  *A.A.* Compl. ¶¶ 195-97; *Villanueva* Compl. ¶ 97.  They request damages, restitution, disgorgement, and injunctive relief.  *A.A.* Compl. at pp. 62-63; *Villanueva* Compl. at pp. 24-25.

---

[3] *See* Defendants' Notice of Related Cases at 2-3, *Villanueva v. ByteDance Inc.*, No. 2:24-cv-07922 ODW (RAOx), Dkt. 13.

DEFENDANTS' RESPONSE TO ORDERS TO SHOW CAUSE

In addition to the *A.A.* and *Villanueva* actions pending before this Court, similar class actions have been filed in the Northern District of California, the Western District of Missouri, and the Northern District of Florida.[4] Like *A.A.* and *Villanueva*, these actions allege that Defendants collected children's personal information without parental notice or consent; assert various state-law claims for unjust enrichment, invasion of privacy, and alleged violations of consumer-protection statutes; and seek to represent classes of underaged TikTok users. Defendants intend to seek transfer of these actions to this Court. Defendants also plan to file motions to dismiss all of the class actions on substantially similar grounds.

### III. The Court Should Consolidate the Class Actions.

Defendants agree with the Plaintiffs in *A.A.* and *Villanueva* that the Court should consolidate these class actions. Plaintiffs in these actions assert overlapping claims, purport to represent overlapping classes, and seek many of the same forms of relief.[5] As private Plaintiffs, they must each demonstrate that they have sustained actual injuries and have standing to pursue their claims.[6] And they will all have to show that class certification is appropriate under Federal Rule of Civil Procedure 23. Consolidating the *A.A.* and *Villanueva* actions—as well as other similar class actions that may be filed in or transferred to this Court—would

---

[4] Compl., *McKissick v. ByteDance Inc.*, No. 3:24-cv-08051 (N.D. Cal. Nov. 15, 2024), Dkt. 1; Compl., *Middleton v. ByteDance Inc.*, No. 4:24-cv-00742-FJG (W.D. Mo. Nov. 15, 2024); Compl., *Humbert v. ByteDance Inc.*, No. 5:24-cv-00236-MW-MJF (N.D. Fla. Oct. 15, 2024).

[5] For example, Plaintiffs in *A.A.* and *Villanueva* each assert California unjust-enrichment and Unfair Competition Law claims; each purport to represent putative classes of underage TikTok users in California; and each seek damages, restitution, disgorgement, an injunction, and declaratory relief.

[6] *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016) (plaintiffs must show a "concrete and particularized" injury-in-fact) (quotation omitted).

DEFENDANTS' RESPONSE TO ORDERS TO SHOW CAUSE

mitigate costs, avoid piecemeal litigation, and reduce the risk of inconsistent judgments.[7]

### IV. The Court Should Closely Coordinate the Government's Action With the Class Actions.

In light of the similarities between the Government action and the *A.A.* and *Villanueva* class actions, Defendants believe the Court should closely coordinate the three actions. As Defendants have previously noted, the three actions before this Court all allege that the same conduct violates the law.[8] Indeed, the class Plaintiffs' allegations are essentially derivative of the Government's Complaint. For instance, each action asserts that the TikTok platform collected children's personal information without the parental notice or consent required by COPPA. *U.S.* Compl. ¶¶ 39-60; *A.A.* Compl. ¶¶ 37-48; *Villanueva* Compl. ¶¶ 3, 44-62. And each action makes allegations about the TikTok platform's "age gate," Defendants' responses to parents' and guardians' requests to delete children's data, and the TikTok platform's "Kids Mode." *U.S.* Compl. ¶¶ 40-76; *A.A.* Compl. ¶¶ 37-68; *Villanueva* Compl. ¶¶ 45-50, 58-62. Defendants dispute these allegations—but their veracity will likely rise or fall on the basis of similar evidence.

Because the actions are related, Defendants propose that they be closely coordinated under the Court's direction, particularly with respect to fact

---

[7] *See, e.g.*, *Ramirez v. HB USA Holdings, Inc.*, No. CV 20-9748-JGB (SHKx), 2021 WL 840353, at *2 (C.D. Cal. Jan. 15, 2021) (consolidating class actions because it would "serve[] the interests of efficiency and judicial economy" by "reduc[ing] case and discovery duplication, expedit[ing] pretrial proceedings, prevent[ing] class member confusion, and minimiz[ing] the expenditure of time and money for all parties"); *Cadena v. Am. Honda Motor Co., Inc.*, No. SA CV 19-839-MWF (MAAx), 2020 WL 3107798, at *2 (C.D. Cal. June 9, 2020) (consolidating cases where "[a]ll five actions involve[d] significantly overlapping questions of fact," raised "overlapping questions of law," and sought "certification of a class of [consumers]").

[8] Defendants' Notice of Related Cases at 2-3, *Villanueva v. ByteDance Inc.*, No. 2:24-cv-07922 ODW (RAOx), Dkt. 13.

DEFENDANTS' RESPONSE TO ORDERS TO SHOW CAUSE

discovery—assuming the class actions survive motions to dismiss and proceed to discovery. Among other benefits, coordinating discovery could eliminate the need for the same witnesses to sit for deposition more than once, reduce the likelihood of redundant document productions and written discovery responses, and avoid duplicative briefing of common issues. Though some discovery may be unique to the class actions or to the Government action—for example, discovery relating to the named Plaintiffs or to class certification would not be relevant to the Government's action—close coordination would reduce costs and promote efficiency.

Due to critical structural differences between the Government action and the class actions, however, Defendants respectfully submit that consolidating all of the actions would not be appropriate.[9] The parties' causes of action, though related,[10] are not the same: just as the Government cannot bring class-action claims, the private Plaintiffs cannot bring a COPPA claim. The three actions also largely seek different forms of relief; whereas the class Plaintiffs must demonstrate classwide injuries and damages,[11] the Government must demonstrate its entitlement to, and the amount of, civil penalties. *See* 15 U.S.C. § 45(m) (providing for civil penalties). And unlike Plaintiffs in *A.A.* and *Villanueva*, the Government is not

---

[9] *See, e.g.*, *Tan v. Goldman Sachs Grp. Inc.*, No. 1:21-cv-08413-PAC, 2022 WL 718395, at *2 (S.D.N.Y. Mar. 10, 2022) (coordinating rather than consolidating actions in light of, *inter alia*, "points of factual and legal divergence, individualized discovery concerns, [and] class certification complications").

[10] For example, the class Plaintiffs bring certain claims under "little FTC Acts" and purport to premise those claims on Defendants' alleged COPPA violations. *See* Defendants' Notice of Related Cases at 3-4, *Villanueva v. ByteDance Inc.*, No. 2:24-cv-07922 ODW (RAOx), Dkt. 13.

[11] *See Arnott v. U.S. Citizenship & Immig. Servs.*, 290 F.R.D. 579, 586 (C.D. Cal. 2012) (in class actions, "[c]ommonality requires that class members share a common injury and this injury is 'capable of classwide resolution'") (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

DEFENDANTS' RESPONSE TO ORDERS TO SHOW CAUSE

subject to class-certification proceedings. Consolidating the Government's action with *A.A.* and *Villanueva* therefore would likely delay resolution of the Government's action without producing the same efficiencies and cost savings that consolidation of the class actions will facilitate.

## V. Conclusion.

For these reasons, Defendants submit that the Court should (1) consolidate the class actions, and (2) coordinate the Government action with the class actions.

Dated: November 20, 2024

Respectfully submitted,

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

DANIEL M. PETROCELLI
dpetrocelli@omm.com
STEPHEN J. MCINTYRE
smcintyre@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone: +1 310 553 6700
Facsimile:  +1 310 246 6779

STEPHEN D. BRODY
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C.  20006-4001
Telephone: +1 202 383 5300
Facsimile:  +1 202 383 5414

*Attorneys for Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.*