BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division

BURDEN H. WALKER
Acting Deputy Assistant Attorney General, Civil Division

AMANDA N. LISKAMM
Director, Consumer Protection Branch

LISA K. HSIAO
Senior Deputy Director, Civil Litigation

ZACHARY A. DIETERT
Assistant Director

BENJAMIN A. CORNFELD
MARCUS P. SMITH
Trial Attorneys
Consumer Protection Branch
Civil Division, U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, DC 20001
Telephone: (202) 305-1537 (Cornfeld)
         (202) 353-9712 (Smith)

Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BYTEDANCE LTD. *et al.*, <br><br> Defendants. | No. 2:24-cv-06535-ODW-RAO <br><br> **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

   Plaintiff the United States hereby responds to the Court's order to show cause why this action (the "Government's case") should not be consolidated with two other cases in this district—*Jody Villanueva et al. v. Bytedance Inc. et al.*, No. 24-cv-07922 (C.D. Cal. filed Sept. 17, 2024); and *A.A. et al. v. Bytedance Inc. et al.*, No. 24-cv-06784 (C.D. Cal. filed Aug. 9, 2024) (collectively, "the consumer class actions"). Under Federal Rule 42(a)(1), the Court may—but is not required to—consolidate actions that involve a "common question of law or fact." In determining whether to consolidate cases, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Lopez v. Ace Cash Express, Inc.*, Nos. LA CV11–04611, LA CV11–07116, 2012 WL 1655720, at *9 (C.D. Cal. May 4, 2012). Here, the drawbacks of consolidation would outweigh any saving of time and effort that consolidation might produce for the following reasons:

  1. The consumer class actions involve complex issues of law and fact that are irrelevant to and will unnecessarily complicate this enforcement action. First, the Government's case alleges a single count against Defendants for violations of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6501–6505, and the Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. Part 312. *See* ECF No. 1 ¶¶ 115-123. In contrast, the consumer class actions allege numerous counts for violations of the constitutional, statutory, and/or common law of California, Connecticut, Florida, New York, and Washington. *See* Complaint, *Villanueva,* No. 24-cv-07922, ECF No. 1, ¶¶ 113-151 ("Villanueva Complaint"); Complaint, *A.A.*, No. 24-cv-06784, ECF No. 1, ¶¶ 209-318 ("A.A. Complaint"). Accordingly, determining Defendants' liability in the consumer class actions will require a state-by-state analysis of the relevant evidence and applicable law. That analysis is irrelevant to the claims and defenses at issue here.

  Second, the Government's case is not a class action; issues relating to class certification do not apply. The consumer class actions assert claims on behalf of

separate putative classes for the residents of California, Connecticut, Florida, New York, and Washington, as well as a national class. *See* Villanueva Complaint ¶ 97; A.A. Complaint ¶¶ 194-197. Whether any or all of these putative classes should be certified pursuant to Rule 23(c) will inevitably raise numerous factual and legal issues relating to the putative class representatives and class members. None of those issues have any bearing on the Government's case.

Third, the plaintiffs in the consumer class actions are seeking remedies that require proof of economic injury to consumers or unjust enrichment by Defendants. *See, e.g.*, Villanueva Complaint ¶¶ 63-74, 120-124, 126-127, 129-131,133-134, 145-151; A.A. Complaint ¶¶ 135-164, 217, 225, 245, 251, 274-275, 283, 289, 307-309, 313-316. Unlike the plaintiffs in the consumer class actions, the Government is not here seeking compensatory damages for injuries to individual consumers, nor is the Government specifically seeking disgorgement of profits unlawfully obtained by Defendants. The monetary relief the Government seeks here is civil penalties, the determination of which does not require proof of consumer injury or unjust enrichment.[1]

All of these issues—liability under state law, class certification, and the extent of economic injury to consumers or unjust enrichment by Defendants—likely will be the subject of extensive discovery and briefing in the consumer class actions. None have any material impact on the Government's case. Consolidation would not save any time or effort with respect to these issues.

2.  Placing the Government's case on the same schedule as the consumer class actions would prejudice the United States by frustrating its ability to obtain relief promptly. Discovery in this matter is underway: Defendants already filed an answer (ECF No. 32), and the parties have conducted their Rule 26(f) conference

---

[1] The Government intends to establish that consumers have been harmed by Defendants' knowing violations of COPPA and the COPPA Rule. *See* ECF No. 1 ¶ 124. The Government need not prove the monetary value of such harms, which will be a complex issue to be resolved in the consumer class actions.

and exchanged initial disclosures pursuant to Rule 26(a). In the consumer class actions, Defendants have not yet responded to the complaints, raising the prospect that briefing motions to dismiss will delay the progress of discovery in those cases. Further, as discussed above, discovery and motions related to liability under state law, class certification, and economic gain/loss will slow the progress of the consumer class actions in relation to this enforcement action. The Government's case should not be delayed while such issues are resolved.

3. The interests of efficiency and judicial economy can be well served by coordination between the Government and the parties to the consumer class actions without formal consolidation of the cases. The Government is willing to coordinate with the parties to the consumer class actions to avoid inefficiency, waste, and duplication of effort. Undersigned counsel and counsel for the parties to the consumer class actions have already engaged in preliminary conversations to that effect.

***

For the foregoing reasons, the United States respectfully requests that the Court decline to consolidate the Government's case with the consumer class actions.

Dated: November 21, 2024

Respectfully submitted,

**FOR PLAINTIFF
THE UNITED STATES OF AMERICA:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BURDEN H. WALKER
Acting Deputy Assistant Attorney General,
Civil Division

AMANDA N. LISKAMM
Director
Consumer Protection Branch

LISA K. HSIAO
Senior Deputy Director, Civil Litigation

ZACHARY A. DIETERT
Assistant Director

By: */s/ Marcus P. Smith*
Benjamin A. Cornfeld
Marcus P. Smith
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, DC 20001
(202) 305-1537 (Cornfeld)
(202) 353-9712 (Smith)
(202) 514-8742 (Fax)
Benjamin.a.cornfeld2@usdoj.gov
marcus.p.smith@usdoj.gov

## L.R. 11-6.2 CERTIFICATE

The undersigned, counsel of record for the United States, certifies that this brief contains 911 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 21, 2024          */s/ Marcus P. Smith*