# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BYTEDANCE LTD. *et al.*,<br><br>Defendants. | No. 2:24-cv-06535-ODW-RAO<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hearing Date: December 16, 2024<br>Time: 1:30 p.m. |

Plaintiff the United States of America (the "Government"), and Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. ("Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1 and this Court's October 28, 2024, Order (ECF No. 34), hereby file their joint scheduling report addressing discovery and other pretrial issues.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the following attorneys appeared telephonically to meet and confer on October 9, 2024: Ben Cornfeld and Marcus Smith, undersigned counsel for the United States; and Daniel M. Petrocelli, Stephen McIntyre, and Stephen D. Brody, undersigned counsel for Defendants.

## I.   Synopsis of the Principal Issues in the Case (*see* ECF NO. 34 at 3 ¶ 1):

*Government's Position*: The Government brings this action against Defendants, owners and operators of the popular social media app TikTok, for violations of the Children's Online Privacy Protection Act, 15 U.S.C.  6501 *et seq*., and associated Rule, 16 C.F.R. pt. 312. Among other things, COPPA requires operators of online platforms that are either (i) directed to children under the age of 13 or (ii) who obtain actual knowledge that they are collecting personal information from children, to obtain verifiable parental consent before collecting or using children's personal information. It also requires them to honor parental requests to delete their children's data. The Government alleges that, from 2019 to the present, Defendants knowingly permitted children under 13 to create and use TikTok accounts without their parents' consent, collected extensive personal information (including names, phone numbers, email addresses, and video recordings) from those children, and failed to comply with parents' requests to delete their children's accounts and personal information. Even for users in Kids Mode, a pared-back version of the app designed for children under the age of 13, Defendants unlawfully collected personal information without parental consent. Defendants engaged in this conduct despite being subject to an injunction, issued by this Court, restraining them from committing COPPA violations. *See United States v. Musical.ly.*, Case No. 2:19-cv-01439-ODW (RAO), ECF No. 10 (Mar. 27, 2019), at § I. Defendants also failed to comply with the Injunction's requirement that they maintain all records necessary to demonstrate full compliance with COPPA and COPPA Rule. *See id.* at § VIII.

Principal issues in this case include whether Defendants unlawfully collected or used personal information from children without required parental consent and whether Defendants failed to comply with parental requests that Defendants delete their children's data.

*Defendants' Position*: TikTok[1] denies the Government's claims in all respects.

The TikTok platform is an online entertainment media platform that enables users aged 13 and up to create, share, and view videos. More than 170 million Americans use the TikTok platform every month to share their talents, skills, passions, and ideas. Businesses large and small use the platform to showcase products and services, tell their brand stories, connect with their target audiences, and engage in commercial activity that helps drive the American economy.

TikTok safeguards its platform for all users, including children and families. To that end, among other protections, TikTok does not allow users under the age of 13 to access the portion of the TikTok platform that is directed to users who are 13 and older (the "13+ Experience"). Instead, users who represent that they are under 13 years old are offered a separate experience that is specifically designed for them to experience the platform in an age-appropriate manner (sometimes known as "Kids Mode"). TikTok limits the personal information collected from Kids Mode users, consistent with the Children's Online Privacy Protection Act ("COPPA").

TikTok has implemented extensive systems and processes designed to proactively identify and remove users who misrepresent their age. When TikTok identifies a suspected child user, its policy is to remove the account. Likewise, when a parent or guardian requests the deletion of a child's account, TikTok honors the request in a manner that complies with COPPA. TikTok's systems and processes not only meet but exceed the requirements of COPPA and the Stipulated Order entered in *United States v. Musical.ly.*, No. 2:19-cv-01439-ODW (RAO).

As this action will confirm, TikTok has complied with COPPA and the Stipulated Order in protecting children under 13 and safeguarding the TikTok platform. There is no basis for granting the relief the Government seeks.

---

[1] As used in Defendants' Synopsis of the Principal Issues in the Case, "TikTok" refers to Defendants ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.

## II.     Items Required by Federal Rule of Civil Procedure 26(f)

### A.     Initial Disclosures (Rule 26(f)(3)(A))

The Parties exchanged initial disclosures on November 15, 2024.

### B.     Subjects of Discovery (Rule 26(f)(3)(B))

*Government's Position*: The Government contends that discovery may be
needed on the following topics for the relevant timeframe (March 2019-present):

- Defendants' corporate organization, management, controllers, employees, and witnesses;
- Design and use of Defendants' age gate;
- Defendants' knowledge or identification of accounts held by underage users (i.e., children under the age of 13);
- Defendants' content moderation policies and practices as applied to accounts suspected to belong to underage users;
- Defendants' collection, retention, use, sharing, and deletion of data from users in the Kids Mode experience;
- Defendants' collection, retention, use, sharing, and deletion of data from underage users in the regular TikTok experience;
- Defendants' provision of notice to parents and obtaining of verifiable parental consent for the collection, retention, use, and sharing of data from underage users;
- Parental account deletion requests, responses, and Defendants' related policies and practices;
- Third party account deletion requests, responses, and Defendants' related policies and practices;
- Defendants' privacy policies and practices for TikTok's Kids Mode and regular experiences, and Defendants' provision of notice to parents of these policies and practices;
- Harms caused by underage use of the TikTok platform;

- Defendants' financial condition, assets, liabilities, and other information related to their ability to pay a civil penalty and continue to operate as a business;
- Profits, platform growth, or other benefits Defendants' have derived from collecting, retaining, using, and sharing data from underage children;
- Defendants' identification or classification of users by age for any purpose;
- Defendants' knowledge of, training on, and compliance with the injunction this Court entered in 2019;
- Defendants' document and data retention policies and its execution of such policies; and
- Other matters relevant to the conduct alleged in the complaint, the relief sought, or the responses and defenses asserted in Defendants' Answer.

The Government reserves the right to seek discovery into additional topics should facts warranting discovery on additional topics become known to it.

*Defendants' Position*: Defendants reserve the right to object to any discovery request propounded by the Government on any basis permitted by the Federal Rules of Civil Procedure and applicable law. Defendants expect to seek discovery related to the following topics for the relevant timeframe:

- Investigation case files from the U.S. Federal Trade Commission ("FTC") and the U.S. Department of Justice's ("DOJ") pre-Complaint inquiry relating to Defendants' compliance with the Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief entered by this Court on March 27, 2019, and the Children's Online Privacy Protection Act (the "Investigation");

- Documents and information in the DOJ's or FTC's possession, custody, or control relating to the Investigation;
- Documents and information that the DOJ or FTC received from third parties in connection with the Investigation;
- Documents and information that the DOJ or FTC received from any other government agency, including any state attorney general, in connection with the Investigation;
- Documents and information identifying each individual and entity that the DOJ or FTC spoke to in connection with the Investigation;
- Documents and information identifying each individual and entity that the FTC or DOJ is in contact with or is receiving information from in connection with this or any related proceeding;
- Documents and information the FTC or DOJ shared with or obtained from any other government agency, including any state attorney general, relating to any topic at issue in this or any related proceeding;
- Documents and information received from, shared with, or collected or generated by any branch or division of the DOJ or FTC in connection with any topic at issue in this or any related proceeding;
- Documents and information reflecting any coordination, including sharing of information, between, within, or among any branch(es) or division(s) of the DOJ or FTC involving any other proceeding relating to any topic at issue in this or any related proceeding; and
- Documents and information, including but not limited to formal reports, memoranda, and transcripts, relating to any witness interviews or testimony taken in connection with any topic at issue in this or any related proceeding.

Defendants reserve the right to seek discovery into additional topics should facts warranting discovery on additional topics become known to them.

### C.    Timing and Sequence of Discovery (Rule 26(f)(3)(B))

The Parties jointly submit the following proposed deadlines for discovery, motions, and trial.

| | |
|---|---|
| *Close of Fact Discovery:* | March 18, 2026 |
| *Affirmative Expert Reports:* | June 3, 2026 |
| *Rebuttal Expert Reports:* | September 2, 2026 |
| *Close of Discovery:* | October 14, 2026 |
| *Dispositive Motions:* | November 12, 2026 |
| *Oppositions to Dispositive Motions:* | December 16, 2026 |
| *Replies In Support of Dispositive Motions:* | January 13, 2027 |
| *Hearing on Dispositive Motions:* | January 25, 2027 |
| *Pretrial Conference:* | 90 days after Court's decision on dispositive motions |
| *Trial:* | 30 days after Pretrial Conference |

### D.    Electronically Stored Information (Rule 26(f)(3)(C))

*Government's Position*: The Government has taken appropriate steps to preserve potentially responsive documents, including implementing litigation holds. The Government will provide Defendants with its preferred specifications for the form of Defendants' productions. The Government will in good faith attempt to comply with Defendants' productions specifications, except that it will produce documents either itemized by the specific request or else as kept in the ordinary course of business as permitted by Federal Rule of Civil Procedure 34(b)(2)(E).

The Government notes the following issues relating to Defendants' electronically stored information:

- *Lark*. Defendants' employees use a program for business communications that is called Lark, which contains instant messaging, email, word processing, and other features. The Government requests that Defendants produce materials maintained in Lark in a reasonably reviewable form.

- *Recordings*. Defendants maintain recordings of certain business meetings conducted on the videoconferencing service Zoom. The Government may seek production of those recordings, as well as any other recordings stored in Defendants' business records.

- *Translated Documents*. Some of the relevant documents in this matter are written in foreign languages. During the Government's investigation, Defendants produced machine-generated translations of responsive documents and supplied them to the Government in extracted text files associated with the corresponding foreign language documents. The Government will request that Defendants continue to produce such translations.

- *Missing Records*. As noted above, this Court's March 27, 2019 Order, entered in *United States Musical.ly et al.*, No. 2:19-cv-01439-ODW-RAO, ECF NO. 10 (C.D. Cal.) forbids Defendants from violating COPPA, *see id.* at § I, and requires that it "create and maintain . . . [a]ll records necessary to demonstrate full compliance" with the Order, *see id.* at § VIII. The Government alleges that documents and records relevant to this litigation are unavailable because Defendants failed to comply with the Order. *See* Complaint, ECF No. 31, at ¶¶ 106-111. The Government reserves the right to seek appropriate relief.

*Defendants' Position*: Defendants do not agree with the Government's characterizations of Defendants' electronically stored information ("ESI").

Defendants reserve the right to object to any request for ESI propounded by the Government on any basis permitted by the Federal Rules of Civil Procedure and applicable law. Nothing in Defendants' responses below should be construed as waiving any objection or relief that might otherwise be available to Defendants.

Defendants have taken appropriate steps to preserve potentially responsive documents, including implementing litigation holds. Defendants believe the Parties should negotiate a stipulated ESI protocol that will govern the production of ESI in this action.

With respect to the specific items that the Government raises above:

- *Lark*. If otherwise relevant, discoverable, reasonable, proportional to the needs of the case, and responsive to the Government's discovery requests, Defendants will produce Lark materials in a reasonably reviewable form.

- *Recordings*. Defendants will respond to the Government's discovery requests in due course.

- *Translated Documents*. Subject to any objection or claim of any privilege, protection, or immunity, Defendants are willing to produce existing translations of responsive foreign-language documents developed in the ordinary course of business. To the extent translations of such documents do not exist, Defendants have no obligation to create and produce translations of foreign-language documents. *See Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SA CV 15-00246-DOC (DFMx), 2016 WL 6246383, at *1-2 (C.D. Cal. Jan. 14, 2016) ("A long line of cases has rejected the argument that a producing party should be compelled to translate its foreign-language documents. These cases follow from the general principle that civil litigants should bear their own litigation costs."); *In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 506 (1st Cir. 1982) (finding that orders directing a producing party to translate documents "violate the well-accepted principle that each party bear the ordinary burden of financing his own suit.").

- *Allegedly Missing Records*. Defendants respectfully refer to paragraphs 106-111 of their Answer to the Government's Complaint (ECF No. 32), which speaks for itself in all respects. Defendants will respond to any related motions or requests for relief in due course.

### E.    Privilege Issues (Rule 26(f)(3)(D))

The Parties will request entry of an order pursuant to Federal Rule of Evidence 502. With respect to remaining issues:

*Government's Position*: The Government expects to claim the attorney-client privilege, work product protection, protection for information or material prepared in anticipation of litigation, common interest privilege, deliberative process privilege, law enforcement privilege, and any other applicable privilege or protection, as appropriate.

*Defendants' Position*: Defendants expect to claim the attorney-client privilege, attorney work product protection, protection for information or material prepared in anticipation of litigation, common interest privilege, and any other applicable privilege or protection as appropriate.

### F.    Changes to Discovery Limitations (Rule 26(f)(3)(F))

The Parties do not currently seek any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure, but each reserve the right to move for such changes should the need arise as discovery progresses and/or oppose any motion by the opposing Party to seek any such changes.

### G.    Other Orders (Rule 26(F)(3)(G))

The Parties will request that the Court enter a Protective Order.

## III.   Items Required By Local Rule 26-1

### A.    Complex Case Procedures (L.R. 26-1(a))

The Parties agree that no complex case procedures need to be utilized.

### B.    Motion Schedule (L.R. 26-1(b))

The Parties' proposed motion schedule is set forth in Section II.C above.

### C.    ADR (L.R. 26-1(c))

The Parties agree that ADR Procedure No. 3—a private dispute resolution proceeding—is best suited to the circumstances of this case. Given the Parties' unsuccessful effort to settle before filing, the Parties propose that this private dispute resolution proceeding occur after substantial fact discovery has been completed.

### D.    Trial Estimate (L.R. 26-1(d))

*Government's Position*: The Government's best current estimate is 10 trial days to present its case.

*Defendants' Position*: Defendants' best current estimate is approximately 10 trial days to present its case.

### E.    Additional Parties (L.R. 26-1(e))

The Parties do not anticipate that any additional parties will appear, although the Government may seek leave to amend the Complaint to name additional defendants if warranted through facts learned in discovery.

### F.    Expert Witnesses (L.R. 26-1(f))

The Parties' proposed schedule for expert witness disclosures are set forth in Section II.C above.

## IV.    Items Required by the Court's October 8, 2024 Order (ECF No. 34)

### A.    Listing and Proposed Schedule of Written Discovery, Depositions, and a Proposed Discovery Cut-Off Date (ECF No. 34, at p.2 ¶ 1)

The Parties' proposed discovery schedule is set forth in Section II.C above.

### B.    Listing and Proposed Schedule of Law and Motion Matters, and a Proposed Dispositive Motion Cut-Off Date (ECF No. 34 at p.2 ¶ 2)

The Parties' proposed motion schedule is set forth in Section II.C above.

### C.    Settlement Efforts (ECF No. 34 at p.2 ¶ 3)

The Parties' proposed settlement procedure is set forth in Section III.C above. The Parties, and the Federal Trade Commission, engaged in extensive settlement

discussions before and after the Commission referred this action to the Department of Justice, but were unable to reach a resolution before the case was filed. The Parties have not meaningfully discussed settlement since the filing of the Complaint. The Parties remain willing to engage in settlement efforts going forward.

### D.    Length of Trial and Trial Dates (ECF No. 34 at p.3 ¶ 4)

The Parties' proposed timeframe for trial is set forth in Section II.C above. The Parties' trial length estimates are set forth in Section III.D above.

### E.    Parties Likely To Be Added (ECF No. 34 at p.3 ¶ 5)

The Parties' positions regarding the appearance of additional parties are set forth in Section III.E above.

### F.    Finder of Fact (ECF No. 34 at p.3 ¶ 6)

*Government's Position*: The Government has made a jury demand and seeks trial by jury on liability. However, the Court, not the jury, sets the appropriate civil penalty and injunctive relief. *See* 15 U.S.C. § 45(m); *Tull v. United States,* 481 U.S. 412, 426-27 (1987).

*Defendants' Position*: As the Government seeks both legal and equitable relief (Complaint, ECF No. 31, at ¶ 125), any legal issue in this action should be tried to a jury, while any equitable issue should be decided by the Court.

### G.    Other Issues Affecting Status of Case Management (ECF No. 34 at p.3 ¶ 7)

*Government's Position*: None.

*Defendants' Position*: None.

### H.    Severance, Bifurcation, Or Other Ordering of Proof (ECF No. 34 at p.3 ¶ 8)

*Government's Position*: No severance, bifurcation, or other ordering of proof is needed.

*Defendants' Position*: Defendants believe that it is premature to address these issues at present, but acknowledge that the Government seeks both legal and equitable relief. *See* Complaint, ECF No. 31, at ¶ 125.

## I.    Likelihood of Amendments to Pleadings (ECF No. 34 at p.3 ¶ 2)

*Government's Position*: The Government does not presently anticipate amending its Complaint but reserves the right to do so if warranted based on fact discovery.

*Defendants' Position*: Defendants do not presently anticipate amending their Answer to the Government's Complaint, but will seek leave to do so if the need arises. Defendants will respond to any amendments to the Government's Complaint in due course.

## J.    Issues Which May Be Determined by Motion (ECF No. 34 at p.3 ¶ 3)

*Government's Position*: The Government expects to seek summary judgment as to Defendants' COPPA violations. As noted in Section II.D above, it may also seek appropriate relief for Defendants' failure to create and maintain records to show its compliance with COPPA, as required by the injunction this Court entered in 2019.

*Defendants' Position*: Defendants intend to seek summary judgment as to the Government's claim, and will respond to any motion that the Government brings in due course.

Dated: December 5, 2024

Respectfully submitted,

**FOR PLAINTIFF**
**THE UNITED STATES OF AMERICA:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BURDEN H. WALKER
Acting Deputy Assistant Attorney General,
Civil Division

AMANDA N. LISKAMM
Director
Consumer Protection Branch

LISA K. HSIAO
Senior Deputy Director, Civil Litigation

ZACHARY A. DIETERT
Assistant Director

By: */s/ Marcus P. Smith*
Benjamin A. Cornfeld
Marcus P. Smith
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, DC 20001
(202) 305-1537 (Cornfeld)
(202) 353-9712 (Smith)
(202) 514-8742 (Fax)
Benjamin.a.cornfeld2@usdoj.gov
marcus.p.smith@usdoj.gov

14

**FOR DEFENDANTS BYTEDANCE LTD., BYTEDANCE INC., TIKTOK LTD., TIKTOK INC., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC.:**


By:   /s/ *Daniel M. Petrocelli*
      Daniel M. Petrocelli

DANIEL M. PETROCELLI
(S.B. #97802)
dpetrocelli@omm.com
STEPHEN MCINTYRE (S.B. #274481)
smcintyre@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone:  +1 310 553 6700
Facsimile:    +1 310 246 6779

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4001
Telephone:  +1 202 383 5300
Facsimile:    +1 202 383 5414


*Attorneys for ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc.*

15

**FILER'S ATTESTATION**

Pursuant to the Central District of California Local Rule 5-4.3.4(a)(2)(i), I attest that the other signatory listed, and on whose behalf this filing is submitted, concurs in the filing content and has authorized this filing.

*/s/ Marcus P. Smith*