**BRADLEY/GROMBACHER LLP**
Kiley L. Grombacher (State Bar No. 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: 805-270-7100
Email: kgrombacher@bradleygrombacher.com

*Attorneys for Plaintiff*
**Nick McKissick** individually and on behalf of all others
similarly situated (Related to 2:25-cv-03118-GW-
RAOx) on behalf of A.M.

*[ADDITIONAL PARTIES AND COUNSEL ON*

*SIGNATURE PAGE]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re TikTok Inc. Minor Privacy Litigation** | MDL 3144 |
| | Case No. 2:25-ml-03144-GW-RAO |
| | **JOINT STATUS REPORT** |
| **ALL ACTIONS** | |

Pursuant to the Court's April 14, 2025 Orders in the MDL action [Dkt. No. 3] and the government's civil enforcement action [Dkt. 51], the MDL Plaintiffs and Defendants (collectively, "the parties") and the United States ("the government") jointly submit this Status Report in advance of the April 28, 2025, Status Conference.

## I.  APPOINTMENT OF PLAINTIFFS' LEADERSHIP

**MDL Plaintiffs' Position:** Plaintiffs' counsel continue to meet and confer in an effort to present the Court with a consensus leadership structure consistent with the Manual for Complex Litigation.  Plaintiffs' counsel hope to submit  a joint proposal to avoid motion practice under Fed. R. Civ. Pro. 23(g). Plaintiffs' counsel will advise the Court at the status conference on April 28, 2025 whether there is a consensus leadership structure. If there is no consensus, Plaintiffs' counsel request that the Court set a briefing schedule to determine leadership.

**Defendants' Position:** Defendants continue to believe that a leadership structure is necessary for Plaintiffs' counsel.  Defendants take no position as to how that leadership structure should be assembled—whether by joint proposal or contested motion.  But Defendants believe it is inefficient, burdensome, and risks inconsistency for Defendants to maintain individual channels of communication about various topics with different Plaintiffs' counsel.  Defendants believe that a leadership structure for Plaintiffs' counsel should be put in place as soon as is reasonably possible.

## II.  STATUS OF TRANSFEREE CASES

| Case Name | Case Number | Transferee Court | Transfer Date |
|---|---|---|---|
| *J.C. v. ByteDance Inc.* | 2:24-cv-06784 | C.D. Cal. | 4/10/25 |
| *Humbert v. ByteDance Inc.* | 2:25-cv-03119 | N.D. Fla. | 4/23/25 |
| *Middleton v. ByteDance Inc.* | 2:25-cv-03120 | W.D. Mo. | 4/11/25 |
| *McKissick v. ByteDance Inc.* | 2:25-cv-03118 | N.D. Cal. | 4/11/25 |

| *Lanser v. ByteDance Inc.* | 2:25-cv-03121 | D.N.J. | 4/15/25 |
| *R.W. v. ByteDance Inc.* | 2:25-cv-03330 | N.D. Cal. | 4/17/25 |
| *J.O. v. ByteDance Inc.* | 2:25-cv-03333 | N.D. Cal. | 4/17/25 |
| *Walters v. ByteDance Inc.* | 2:25-cv-03432 | D. Minn. | 4/17/25 |
| *Brodiski v. TikTok Inc.* | 2:25-cv-03336 | N.D. Cal. | 4/17/25 |
| *Armbruster v. ByteDance Inc.* | 2:25-cv-03338 | N.D. Cal. | 4/17/25 |
| *Hinkle v. ByteDance Inc.* | 2:25-cv-03435 | S.D.W. Va. | 4/17/25 |
| *Martin v. ByteDance Inc.* | 2:25-cv-03431 | E.D. La. | 4/17/25 |
| *Riley v. ByteDance Inc.* | 2:25-cv-03395 | N.D. Fla. | 4/17/25 |
| *Lindsey v. ByteDance Inc.* | 2:25-cv-03396 | N.D. Fla. | 4/17/25 |
| *White v. ByteDance Inc.* | 2:25-cv-03434 | E.D. Mo. | 4/17/25 |
| *Luong v. ByteDance Inc.* | 2:25-cv-03397 | S.D. Fla. | 4/17/25 |
| *Ramlawi-Benton v. ByteDance Inc.* | | S.D. Fla. | Vacated (1404 transfer) |
| *J.R. v. ByteDance Inc.* | 2:25-cv-03394 | M.D. Fla. | 4/17/25 |
| *H.T. v. ByteDance Inc.* | 2:25-cv-03399 | S.D. Fla. | 4/17/25 |
| *Green v. ByteDance Ltd.* | 2:25-cv-03527 | C.D. Cal. | |

## III.    FILING OF PLAINTIFFS' MASTER CONSOLIDATED COMPLAINT

**MDL Plaintiffs' Position:**  Within 45 days of the appointment of Plaintiffs' counsel under Rule 23(g), Plaintiffs shall file a consolidated amended complaint (the "Master Consolidated Complaint").  *See* Manual for Complex Litigation, (Fourth) § 22.36 (describing master complaints as a vehicle for MDL-wide resolution of various issues).  Plaintiffs believe that an extended briefing schedule will only engender more delay. Once leadership is appointed, Plaintiffs' counsel intend to meet and confer with regard to a more expedited briefing schedule.

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

**Defendants' Position:** Defendants agree with Plaintiffs' proposal that a Master Consolidated Complaint be filed within 45 days of appointment of Plaintiffs' counsel under Rule 23(g). Defendants also request that the Court formally stay Defendants' deadlines to respond to the individual complaints filed in all the cases centralized in this MDL.

Defendants propose the following briefing schedule for Defendants' anticipated motion to dismiss the Master Consolidated Complaint: (1) Defendants' motion to dismiss the Master Consolidated Complaint is due 45 days after the Master Consolidated Complaint is filed; (2) Plaintiffs' joint opposition to Defendants' motion to dismiss is due 30 days after the motion is filed; and (3) Defendants' reply in support of their motion to dismiss is due 21 days after Plaintiffs' joint opposition is filed. Depending on the breadth of the Master Consolidated Complaint, Defendants believe that additional pages for the anticipated motion to dismiss briefing may be appropriate, but will raise that issue once the Master Consolidated Complaint is filed.

## IV. DISCOVERY PLAN

### A. Status of "First Day Orders" – ESI Protocol, TAR review, Protective Order and Preservation Agreements/Issues

**MDL Plaintiffs' Position:** The Plaintiffs have attempted to begin negotiations on the form and substance of the ESI Protocol, the Protective Order, and an appropriate Preservation Agreement for relevant party discovery, but Defendants have indicated that until Plaintiffs' leadership is appointed they are not willing to engage in substantive discussions on the same. Despite this, Plaintiffs' counsel have conferred and will provid draft proposed orders modeled upon other litigation involving the Defendant (with the consensus of the Plaintiffs involved) to Defendants for review and consideration prior the upcoming hearing so that when Plaintiffs' leadership is appointed the parties may work expeditiously to reach consensus on these proposed orders.

While the parties continue to negotiate an appropriate Preservation Agreement, Plaintiffs have sent Defendants a letter identifying categories of evidence for Defendants to preserve.  Unfortunately, Defendants informed Plaintiffs yesterday that it is deleting important evidence. Plaintiffs expect Defendants to preserve the data regarding what it collected from each TikTok account and the revenue that TikTok earned from each account. This evidence will demonstrate the breadth of Defendants' collection and use of children's personal information and the unjust enrichment that Defendants earned.

Defendants claim that it was required to delete this relevant evidence because of its 2019 Stipulated Order. That is incorrect. The 2019 Stipulated Order has a specific exception that applies here: "Personal information need not be destroyed, and may be disclosed, to the extent requested by a government agency or *required by a law*, regulation, or court order." *United States v. Musical.ly*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Feb. 27, 2019) at page 10. Here, once Defendants were on notice of this or similar litigation, Defendants had a legal obligation to preserve this relevant evidence. *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 22-35832, 2023 WL 6866273, at *2 (9th Cir. Oct. 18, 2023). To be clear, Defendants should continue to remove children's TikTok accounts from their platform; but, Defendants need to preserve the data regarding those accounts.

Defendants need to immediately preserve data regarding each TikTok account. If Defendants refuse to do so, Plaintiffs seek to promptly submit briefing regarding Defendants' preservation of evidence. Plaintiffs will also likely need to seek relief for the data that Defendants have already improperly deleted.

With regard to Defendants' request for early discovery of Plaintiffs' usernames, Plaintiffs simply request that such early discovery be reciprocal and that the Defendants provide all information in its possession related to the usernames within a reasonable period of time.  Defendants have refused to do so.

///

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

**Defendants' Position:**  Plaintiffs' statement above that Defendants are not willing to have substantive discussions regarding the ESI Protocol and Protective Order is incorrect.  Defendants intend to send to Plaintiffs a draft ESI Protocol and draft Protective Order for review and consideration.  Defendants believe that the parties should negotiate based on Defendants' proposals due to the unique nature of Defendants' systems.

Because Plaintiffs bring their claims anonymously, Defendants reached out to Plaintiffs' counsel to ask for all usernames associated with Plaintiffs' accounts to help ensure the preservation of Plaintiffs' data.  In that correspondence, Defendants also reminded Plaintiffs that the TikTok platform allows users to download and save their own data, and explained how to do so.  No Plaintiff sent Defendants the usernames associated with Plaintiffs' accounts.

Defendants received Plaintiffs' letter regarding preservation on April 22, and will analyze that letter and respond in due course.  Given the information Defendants have available to them, Defendants have already taken reasonable steps to preserve relevant documents and data.  But one of Plaintiffs' requests in their April 22 letter— that Defendants preserve virtually *all data* from *every TikTok account*—is technically inconceivable, immensely burdensome, and inconsistent with Defendants' obligations under COPPA and the 2019 Stipulated Order.  As discussed in the DOJ's complaint, Defendants engage in a variety of processes to identify users on the 13+ Experience who are actually under 13 years old.[1]  As the Government is aware, if Defendants determine that a user on the 13+ Experience is in fact under 13, Defendants ban that underage user's account and delete most of the data associated with the account, pursuant to Defendants' obligations under the Children's Online

---

[1] Since March 2019, users who create accounts on the TikTok platform are generally required to provide their birthdate at account creation, per FTC guidance that Defendants may "rely on the age information [their] users enter, even if that information is not accurate."  FTC, Complying With COPPA:  Frequently Asked Questions (July 2020), https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions.

Privacy Protection Act ("COPPA") and the 2019 Stipulated Order entered in *United States v. Musical.ly*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Feb. 27, 2019). Absent an order by this Court, Defendants do not intend to modify their existing account deletion practices.[2] Because Plaintiffs contend that Defendants should retain under 13 user data (notwithstanding COPPA), Defendants agree that the parties should brief the issue and give the Government the opportunity to explain its position as well.

**B. Rule 26 Conference Scheduling**

**MDL Plaintiffs' Position:** Plaintiffs view the scheduling of a prompt Rule 26 conference as an integral step in efficiently managing this MDL to conclusion, either by way of settlement or trial.

**Government's Position:** The government notes that the Rule 26(f) conference in its case has already been completed.

**Defendants' Position:** Defendants believe it would be most efficient to wait to hold a Rule 26(f) conference until Plaintiffs' leadership structure is determined and the Master Consolidated Complaint is filed.

**C. DOJ Coordination**

**MDL Plaintiffs' Position:** The parallel DOJ action provides an opportunity for the Court to efficiently advance discovery by ordering Defendants to reproduce in this litigation discovery produced in any court case, government investigation, or government hearing (whether domestic or international) regarding the collection, use and storage of minor data. Such an approach has been adopted by this Court and in other MDL litigation. *See, e.g., Heckman v. Live Nation Ent., Inc.*, No. CV 22-0047-GW-GJSX, ECF No. 292 at 1-2 (C.D. Cal. Jan. 22, 2025) (Wu, J.) (ordering production of materials previously produced by defendants in prior government

---

[2] Before modifying their existing practices, Defendants would also seek confirmation from the Government that it will not consider retention of data from under 13 users as part of Defendants' preservation efforts in this litigation to be a violation of COPPA.

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

investigations and litigation, along with correspondence relating to the same); Discovery Ruling No. 22 in *In re National Prescription Opiate Litigation*, No. 1:17-md-02804-DAP (N.D. Ohio Sept. 16, 2019) (ECF No. 2576) (amended Oct. 3, 2019 (ECF No. 2712), Apr. 30, 2020 (ECF No. 3286), and May 8, 2020 (ECF No. 3291)) and reflected in the Civil Minutes of December 9, 2019 Telephone Status Conference in *In Re: Juul Labs, Inc.*, No. 19-md02913-WHO (N.D. Cal. Dec. 10, 2019) (ECF No. 299). Moreover, Defendants TikTok, Inc. and ByteDance, Inc. have already been ordered to produce similar discovery in *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047-YGR (N.D. Cal. Dec. 29, 2022) (ECF No. 125). *See also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 8:10-ML-02151, 2010 WL 2194802, at *1 (C.D. Cal. June 1, 2010) (Selna, J.) (ordering defendants to produce Rule 26(a)(1) documents "within their possession" and "which has already been produced to Government entities to date"); *In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1113 (N.D. Cal. 2012) (Koh, J.) (ordering defendants at first case management conference to "produce responsive, non-privileged documents already produced to the DOJ"); *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs.*, No. 2:09-CV-1054, 2010 WL 2541366, at *1 (S.D. Ohio June 18, 2010) (ordering defendants to "produce to plaintiffs documents already produced to various state or federal regulators" while the motion to dismiss is pending); *Galaria v. Nationwide Mut. Ins. Co.,* No. 2:13-CV-00118, 2013 WL 6578730, at *1 (S.D. Ohio Dec. 16, 2013) (denying defendant's motion to stay discovery pending motion to dismiss, noting that "[i]f documents or other information . . . respond to requests for information from governmental agencies, it would be difficult to argue that production of that document would be burdensome").

Defendants note that other courts have limited plaintiffs' access to prior

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

discovery produced to government agencies. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2010 WL 2194802, at *1. Should the Court deem it appropriate, Plaintiffs are amenable to receiving a limited production of pre-motion to dismiss discovery tied to specific requests made by the DOJ. Plaintiffs are also open to negotiating a limited production with Defendants or having the Court review the DOJ's requests to identify the requests relevant to Plaintiffs' claims and require Defendants to re-produce documents responsive to such requests. *See In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047-YGR (N.D. Cal. Dec. 29, 2022) (ECF No. 125).

**Government's Position:**   The government's action against Defendants is distinct from the MDL and should proceed on a separate schedule.[3] The government's lawsuit is procedurally more advanced than the MDL. Defendants have filed an answer. *See* ECF No. 32. The parties have conducted their Rule 26(f) conference, exchanged initial disclosures pursuant to Rule 26(a), and filed their Joint Rule 26(f) Report. *See* ECF No. 40. The Court has issued a scheduling order. *See* ECF No. 42. By contrast, the MDL Plaintiffs must still select liaison counsel and file a Master Complaint, Defendants must respond to that Complaint, and the parties must conduct a Rule 26(f) conference. To the extent some coordination of discovery will contribute to the efficient adjudication of the government's case and the MDL, the

---

[3] This Court has already considered whether to consolidate the Government's case with two of the MDL actions, *Villanueva ex rel. J.C. v. Bytedance Inc.*, No. 24-cv-07922 (C.D. Cal. filed Sept. 17, 2024) and *A.A. v. Bytedance Inc.*, No. 24-cv-06784 (C.D. Cal. filed Aug. 9, 2024), and properly decided against consolidation. *See* No. 24-cv-07922, ECF No. 40; No. 24-cv-06784, ECF No. 52. The Government opposed consolidation because: (1) the MDL presented numerous factual and legal issues not presented by the government's action, including class certification, the TikTok Entities' liability under the constitutional, statutory, and/or common law of five different states, and the economic gain/loss caused by the TikTok Entities' conduct; and (2) placing the government's action on the same schedule with the putative class actions would prejudice the government's ability to obtain prompt relief. *See* ECF No. 39. Defendants and the plaintiffs in *Villanueva* and *A.A.* opposed consolidation on similar grounds. *See* No. 24-cv-07922, ECF Nos. 36-37.

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

government does not oppose coordination. However, coordination should not delay the progress of, or needlessly complicate, the government's action.

The government should be free to serve written discovery requests (i.e. requests for production of documents, interrogatories) immediately, without any input from the MDL Plaintiffs. Requiring the government to coordinate written discovery requests with the MDL Plaintiffs would unnecessarily complicate and delay the process of preparing discovery requests without increasing efficiency for Defendants or the Court. Moreover, the MDL involves legal, factual, and remedial issues that are irrelevant to the government's case. *See* ECF No. 39. If and when the MDL begins discovery, the MDL Plaintiffs will be free to serve their own discovery requests focused on the numerous issues that are unique to the MDL. To the extent that the MDL Plaintiffs seek discovery material that has been previously provided to the government in connection with this case, or in *United States v. Musical.ly.*, No. 2:19-cv-01439 (C.D. Cal.), Defendants could provide those materials to the MDL Plaintiffs.

The government does not anticipate taking any depositions within the next 90 days. Decisions regarding coordination of depositions can and should be postponed until the Parties are farther along in discovery and the MDL is more procedurally advanced.

**Defendants' Position:**  Defendants should not be required to produce any materials to Plaintiffs until Defendants' anticipated motion to dismiss is resolved. Contrary to Plaintiffs' assertions, courts often do *not* require defendants to produce Government investigation materials before the resolution of the defendant's motion to dismiss.  *See, e.g.*, *In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1089, 1101 (N.D. Cal. 2007) (noting that court stayed discovery pending outcome of motion to dismiss and, only upon denial of motion to dismiss, ordering production of documents produced to Government in parallel investigation); *In re*

*Wholesale Grocery Prods. Antitrust Litig.*, 2010 WL 11469883, at \*1-2, \*4 (D. Minn. Mar. 3, 2010) (refusing to lift stay of discovery—put in place until resolution of defendants' motion to dismiss—to require defendants to produce documents that had been produced to FTC in parallel investigation).

In fact, the majority of the cases Plaintiffs cite are distinguishable because they either involved a limited set of documents, *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2010 WL 2194802, at \*1 (noting production would be 75,000 to 100,000 pages); *Ohio Police & Fire Pension Fund*, 2010 WL 2541366, at \*2 (ordering production of a narrow subset of the documents produced to the Government),[4] were decided after the defendants answered the complaint, *compare In re National Prescription Opiate Litigation*, No. 1:17-md-02804-DAP (N.D. Ohio Sept. 16, 2019) (ECF No. 2576) (amended Oct. 3, 2019 (ECF No. 2712)), Apr. 30, 2020 (ECF No. 3286), and May 8, 2020 (ECF No. 3291), *with id.* (ECF No. 1248), or did not deal with a request by defendants to stay discovery on the basis of a pending motion to dismiss, *Heckman*, No. 2:22-cv-00047-GW-GJS, ECF Nos. 283, 292.  Here, in contrast, Defendants have been engaging with the Government on these issues for more than six years, both in connection with *United States v. Musical.ly*, and in the years following the consent decree entered in that case.  Defendants should not be required to compile and produce investigation-related materials across those six-plus years unless Plaintiffs' Master Consolidated Complaint survives Defendants' anticipated motion to dismiss.

Once discovery commences, Defendants believe the Court should closely coordinate the actions, in light of the similarities between the Government's action and Plaintiffs' action.  Coordinating discovery is particularly critical with regard to depositions, to prevent the same witnesses from being deposed multiple times on the same issues.  Coordinating discovery would also reduce the likelihood of redundant

---

[4] *Galaria*, 2013 WL 6578730, at \*1, does not consider production size or burden because the passage Plaintiffs quote is dicta.

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

written discovery and document productions and avoid duplicative briefing of common issues.

### D. Discovery Stay Pending 12(b)(6) Motion Practice

**MDL Plaintiffs' Position:**    Plaintiffs believe that commencing limited discovery now, consistent with the Federal Rules, is appropriate and will maximize efficiency pending briefing and decision on motions directed to the Master Consolidated Complaint.  This discovery should include information and materials already produced by Defendants to the federal government that relates to the subject matter of this litigation, including but not limited to Defendants' alleged violation of COPPA and the COPPA Rule by creating accounts for children, collecting their information without parental notice or consent, and using that information, in part, for commercial purposes.

Defendants' request to stay discovery until disposition of their anticipated motion to dismiss should be denied. "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "[A]s the Federal Rules do not provide for automatic stays of discovery, and because their routine issuance would be 'directly at odds with the need for expeditious resolution of litigation,' courts generally disfavor them." *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 2019 WL 8108745, at *1 (C.D. Cal. Nov. 14, 2019) (quoting *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)).

A party's intention to file a motion to dismiss "is not ordinarily sufficient to justify a stay of discovery." *Id.*; *see also Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."). Defendants' conclusory assertion that their anticipated motion to dismiss may "potentially" be dispositive of the entire case

is at best "[i]dle speculation [that] does not satisfy Rule 26(c)'s good cause requirement." *In re Vizio, Inc., Consumer Priv. Litig.*, 8:16-ml-02693-JLS (KESx), ECF No. 98 (C.D. Cal. Jul. 5, 2016) (quoting *Gray*, 133 F.R.D. at 41); *Mason v. Spring EQ LLC*, No. 5:24-CV-1833-MWC (AGRX), 2024 WL 5424385, at *2 (C.D. Cal. Nov. 27, 2024) (denying motion to stay discovery pending resolution of dispositive motion because "Defendant has not provided the Court with a clear and convincing showing that it will prevail on the merits of its dispositive motions.").

Courts take different approaches to assessing a stay of discovery pending a potentially dispositive motion. *See Luna v. Girgis*, 2022 WL 3012167, at *2 (C.D. Cal. June 30, 2022) (detailing three approaches). Even when applying the two-prong test identified by Defendants, "[d]istrict courts have consistently found that a judge deciding whether to issue a stay of discovery should take a 'peek' at the merits of the potentially dispositive motion in evaluating whether a stay should issue." *Mlejnecky*, 2011 WL 489743, at *8. "The Court will only enter an order staying discovery 'when it is convinced that the plaintiff will be unable to state a claim for relief.'" *Doe v. Reddit, Inc.*, 2021 WL 4348731, at *3 (C.D. Cal. July 12, 2021) (quoting *Quezambra*, 2019 WL 8108745, at *1).

In two cases cited by Defendants, the Ninth Circuit simply affirmed the principle that a court "may . . . stay discovery *when it is convinced that [the] plaintiff will be unable to state a claim for relief*"—a finding that is impossible at this stage. *Sepulveda v. Dep't of Treasury*, 295 F. App'x 160, 161 (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)) (emphasis added); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (emphasis added). The Ninth Circuit affirmed a stay in *Little v. City of Seattle*, but there, qualified immunity was at issue, and "discovery could not have affected the immunity decision." 863 F.2d 681, 685 (9th Cir. 1988). And in all but one of the district cases cited by Defendants, at least one motion to dismiss was already before the court, and the court was able to "peek" at the merits. *See, e.g., In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2022 WL 19236923, at *3–

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

4 (C.D. Cal. Sept. 6, 2022); *Doe*, 2021 WL 4348731, at *3–7; *Quezambra*, 2019 WL 8108745, at *2; *Sonneveldt*, 2021 WL 4814990, at *2 (C.D. Cal. May 4, 2021). Defendants' only other example, the social media adolescent addiction MDL, did not stay all discovery pending resolution of an anticipated motion dismiss. The court allowed "very limited discovery . . . to the extent it would support the most fulsome master complaint(s) and where such documents have already been produced/obtained in connection with prior litigation and/or investigations." *See* Case Mgmt. Order No. 3, *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-03047-YGR (N.D. Cal. Dec. 15, 2022), Dkt. 111 at 4.

Here, there is no Motion to Dismiss currently before the Court regarding the prospective Master Consolidated Complaint. Thus, the Court cannot "peek" at the merits and determine if Plaintiffs will be unable to state a claim for relief. Nor can Plaintiffs fully address the two-prong test without the motion. Defendants' request for a stay should be denied. *See, e.g.*, *Mason v. Spring EQ LLC*, 2024 WL 5424385, at *2 (C.D. Cal. Nov. 27, 2024) (denying stay where defendant "has not provided the Court with a clear and convincing showing that it will prevail on the merits of its dispositive motions"); *Warner v. Amazon.com, Inc.*, 2024 WL 1600635, at *1 (C.D. Cal. Feb. 9, 2024) (denying stay where defendants "have not made a strong showing" of entitlement to stay); *Cain v. JPay, Inc.*, 2022 WL 1840342, at *2 (C.D. Cal. Apr. 4, 2022) (denying stay where court was "not persuaded that it should grant a stay after taking a 'preliminary peek' at the parties' arguments").

**Government's Position:**  Defendants did not file a Motion to Dismiss in the government's action and have filed an Answer to the government's Complaint. See ECF No. 32. For this reason, and as set forth above, discovery should not be stayed in the government's action while motion practice occurs in the MDL.

**Defendants' Position:**  As discussed above, discovery should be stayed until the disposition of Defendants' anticipated motion to dismiss.  Federal Rule of Civil Procedure 26(c)(1) gives courts "wide discretion" to control discovery to protect a

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

party from undue burden or expense. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Ninth Circuit has held that district courts do not abuse their discretion by staying discovery and the filing of motions until they have ruled on the pending dispositive motions." *Mason v. Spring EQ LLC*, 2024 WL 5424385, at *1 (C.D. Cal. Nov. 27, 2024) (citing *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) and *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Sepulveda v. Dep't of Treasury*, 295 F. App'x 160, 160-61 (9th Cir. 2008) ("The district court did not abuse its discretion in denying as premature Sepulveda's motion to compel production of documents because the court had not yet resolved defendants' motion to dismiss."); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (affirming grant of protective order staying discovery); *Little*, 863 F.2d at 685 (affirming stay of discovery pending determination of motion to dismiss).

Pendency of a motion to dismiss is appropriate to stay discovery if (1) the pending motion is potentially dispositive of the entire case, and (2) the dispositive motion can be decided absent additional discovery. *Sonneveldt v. Mazda Motor of Am., Inc.*, 2021 WL 4814990, at *1 (C.D. Cal. May 4, 2021). Both of these elements favor a stay. Defendants anticipate moving to dismiss the entire Master Consolidated Complaint, just as they did with respect to the complaint in *J.C.* The motion to dismiss can be fully briefed and decided without discovery, just as it was poised to be in *J.C.*

Plaintiffs say that Defendants' "intention" to file a motion to dismiss that may "potentially" be dispositive does not justify a stay. They suggest that the Court should deny a stay because it cannot evaluate the merits without "peek[ing]" at Defendants' motion to dismiss. Plaintiffs' arguments fail for two reasons. First, Defendants' motion to dismiss is not a mere "intention." The only reason Defendants have not filed a motion to dismiss is because Plaintiffs have not filed the Master Consolidated Complaint. It does not follow that Plaintiffs should be entitled to start discovery—particularly before Plaintiffs have even filed their Master Consolidated

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

Complaint—merely because Defendants have not had an opportunity to present their motion to dismiss to the Court.  After all, "[t]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).  At the very least, the Court should stay discovery until Defendants' motion to dismiss is filed to then "peek" at the merits of Defendants' motion and evaluate whether a further stay is warranted.

Second, the Court need not "peek" at the merits of Defendants' motion to dismiss to grant a stay.  District courts have "authority [to] issue a protective order pertaining to the discovery process," including "an order staying discovery pending the outcome of a ***potentially*** dispositive motion." *Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (emphasis added); *see also Doe v. Reddit, Inc.*, 2021 WL 4348731, at *7 (C.D. Cal. July 12, 2021) (staying discovery where "motion to dismiss would potentially be dispositive and result in the dismissal of each of Plaintiffs' claims").  Indeed, in the social media addiction MDL, Judge Yvonne Gonzalez Rodgers stayed discovery "through the resolution of a motion to dismiss" before any motion was filed.  *See* Case Mgmt. Order No. 1, *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-03047-YGR (N.D. Cal. Nov. 10, 2022), Dkt. 75 at 5.  Plaintiffs point out that a later case management order permitted "very limited discovery" into documents that had "already been produced" in other actions, but conveniently omit the sentence prior, which reiterates that "discovery [was] generally stayed in the case pending resolution of the first motion to dismiss."  Case Mgmt. Order No. 3, *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-03047-YGR (N.D. Cal. Dec. 15, 2022), Dkt. 111 at 4.

Moreover, the Court already has insight into any motion Defendants would file.  Defendants filed a motion to dismiss the *J.C.* action that explains why Plaintiffs'

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

claims should be dismissed in their entirety, including for lack of standing, and Defendants will file a similar motion here. That is all that is necessary to warrant a stay. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2022 WL 19236923, at *5 (C.D. Cal. Sept. 6, 2022) (staying discovery based on Defendants' "potentially dispositive motion to dismiss raising a critical jurisdictional challenge as well as arguments addressing other purported defects of the amended pleading"); *Luna v. Girgis*, 2022 WL 3012167 (C.D. Cal. June 30, 2022) (staying discovery pending motion to dismiss where "Defendants [sought] dismissal of th[e] action in its entirety"); *Quezambra*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (staying discovery where defendants' motions to dismiss "raise[d] arguments related to Article III standing, the adequacy of [plaintiffs'] pleading, and [plaintiffs'] ability to state a claim based on her allegations").

"Pausing discovery until the District Judge decides the Rule 12(b)(6) motion promotes efficiency and complies with the goal of achieving a 'just, speedy, and inexpensive' resolution, as this allows the parties to participate in future discovery with a clear understanding of which claims, if any, defendant … must answer." *In re ZF-TRW*, 2022 WL 19236923, at *5. The Court should take that approach here. To the extent the Court requires further insight on whether a stay continues to be warranted once Defendants' motion to dismiss is filed, Defendants seek leave to brief that issue.

## V.    FUTURE CASE MANAGEMENT

**MDL Plaintiffs' Position:** Plaintiffs recommend regular case management conferences in person and/or via Zoom with the Court as a key component to effectively keeping the MDL on track. Plaintiffs suggest that these conferences be scheduled monthly and in-person.

**Government's Position:** As the government's action is distinct from the MDL, the government takes no position on potential MDL case management conferences. To the extent that the Court requests or invites the government to attend

1  any such MDL conferences, the government requests that it be permitted to attend by

2  telephonically or by video conference.

3      **Defendants' Position:** Defendants agree with Plaintiffs' recommendation for

4  regular in-person conferences with the Court.

5  Dated April 23, 2025,                 Respectfully Submitted,

6

7                                            */s/ Daniel Petrocelli*

8                                          Daniel M. Petrocelli

9                                          **O'MELVENY & MEYERS LLP**

10                                          1999 Avenue of the Stars
                                           Los Angeles, CA 90067-6035

11                                          Tel: 310-553-6700
                                            Fax: 310-246-6779

12                                          Email: dpetrocelli@omm.com

13

14                                          Matthew David Powers
                                            **O'MELVENY & MYERS LLP**

15                                          Two Embarcadero Center, 28th Floor
                                            San Francisco, CA 94111

16                                          Tel: 415-984-8700
                                            Fax: 415-984-8701

17                                          Email: mpowers@omm.com

18

19                                          Stephen D. Brody
                                            **O'MELVENY AND MYERS LLP**

20                                          1625 Eye Street, NW
                                            Washington, DC 20006

21                                          Tel: 202-383-5167

22                                          Email: sbrody@omm.com

23

24                                          *Attorneys for Defendants ByteDance Ltd.,*
                                            *ByteDance Inc., TikTok Ltd., TikTok Inc.,*

25                                          *TikTok LLC, TikTok Pte. Ltd., and TikTok U.S.*
                                            *Data Security Inc.*

26

27

28

                                               JOINT STATUS REPORT
                                               NO. 2:25-ML-03144-GW

/s/ Eric Kafka

Eric A. Kafka
**COHEN MILSTEIN SELLERS
AND TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005212
Tel: 838-7797
Fax: 212-838-7745
Email: ekafka@cohenmilstein.com
Email: kputtieva@cohenmilstein.com
Email: jwaldman@cohenmilstein.com

Counsel for Plaintiffs/Consol Plaintiffs
A. A. *a minor, by and through their guardian
ad litem, MARCELO MUTO;* A. B. *a minor, by
and through their guardian ad litem
HEATHER BRESSETTE;* A. C. *a minor, by
and through their guardian ad litem
HEATHER BRESSETTE*
***Related to LACV24-6784-GW(RAOx)***

Jody Villanueva *on behalf of* J.C., Angela
Faucett *on behalf of* K. F., Lamartine Pierre, Jr.
*on behalf of* C. P.
***Related to LACV24-07922-GW(RAOx)***

Alexis Douglas *on behalf of* A. J., Marcelo
Muto *on behalf of* B. M., Heather Bresette *on
behalf of* L F., Darryl Maultsby *on behalf of* D.
M., Kayla Jaramillo *Guardian Ad Litem* J. W.
***Related for LACV24-6784-GW (RAOx)***

Ryan Hoyt *on behalf of* D. R. H. *on behalf of* D
W. H. *on behalf of* R. W., Valerie Gates *on
behalf of* A G.
***Related to 2:24-cv-06784-GW (RAOx)***

/s/ Kristen Cardoso

Kristen Lake Cardoso
**KOPELOWITZ OSTROW PA**

- 18 -

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Tel: 954-525-4100
Fax: 954-525-4300
Email: cardoso@kolawyers.com
Email: ostrow@kolawyers.com

Counsel for Plaintiff
H.T. *A Minor, By and through her Legal Guardian, MILAGRO ALMODOVAR,* **(Related to 2:25-cv-03399-GW-RAOx**

/s/ *John Nelson*

John Nelson
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
148 Dolphin Court
American Canyon, CA 94589
Tel: 707-334-3727
Email: hlopez@milberg.com
Email: jnelson@milberg.com
Email: GKlinger@milberg.com

Counsel for Plaintiff
**R.W.** *a minor by and through their guardian ad litem, Pamela Hancock, (Related to 2:25-cv-03330-GW-RAOx)*

/s/ Heather McElroy

Heather M McElroy
**CIRESI CONLIN LLP**
225 South Sixth Street, Suite 4600
Mpls, MN 55402
Tel: 612-361-8200
Email: hmm@ciresiconlin.com
Email: mas@ciresiconlin.com

Counsel for Plaintiff

- 19 -

1  Katherine R. Walters on behalf of L.W.

2

3  /s/ Keller Rohrback
   Keller Rohrback L.L.P.
4  Cari Laufenberg
   Derek Loeser
5  **CHRISTOPHER LONDERGAN**
6  **SPRINGER**
   801 Garden Street
7  Santa Barbara, CA 93101
   805-456-1496
8  Email: cspringer@kellerrohrback.com
9  Email: claufenberg@KellerRohrback.com
   Email: dloeser@kellerrohrback.com
10

11  Counsel for Plaintiffs
12  Tatiana Brodiski; Steven Burda

13  /s/ Beena Mcdonald
14  Beena M. Mcdonald
15  **CHIMICLES SCHWARTZ KRINER &**
   **DONALDSON-SMITH LLP**
16  One Haverford Centre
17  361 West Lancaster Avenue
   Haverford, PA 19041
18  Tel: 610-649-1497
19  Email: bmm@chimicles.com
   Email: SteveSchwartz@chimicles.com
20

21  Counsel for Plaintiff
22  Armbruseter

23  /s/ Matthey Stonestreet
24  Matthew Stonestreet
   **GIATRAS LAW FIRM**
25  118 Capitol Street Suite 400
   Charleston, WV 25301
26  Tel: 304-343-2900
27  Fax: 304-343-2942
   Email: matt@thewvlawfirm.com
28

- 20 -

Email: troy@thewvlawfirm.com

Counsel for Plaintiffs
Amanda Hinkle, A.H. *a minor*
***(Related to 2:25-cv-03435-GW-RAOx)***

/s/ James Dugan

James R. Dugan , II
**DUGAN LAW FIRM PLC**
365 Canal St., Suite 1000
New Orleans, LA 70130
Tel: 504-648-0180
Fax: 504-648-0181
Email: jdugan@dugan-lawfirm.com
Email: dscalia@dugan-lawfirm.com
Email: monica@dugan-lawfirm.com
Email: rico@akdlalaw.com

Counsel for Plaintiff
Chantell Martin on behalf of T.M., Jacquelyn
Williams on behalf of K.P.

/s/ Clayton Connors

Clayton Morris Connors
**LAW OFFICE OF CLAYTON M
CONNORS**
4300 Bayou Boulevard Suite 37
Pensacola, FL 32503
Tel: 850-473-0401
Email: cmc@westconlaw.com

Counsel for Plaintiff
Jonathan Riley *on behalf of* W.C.R., T.S.R.R.,
N.A.R., T.A.R., and N.J.R.
***(Related to 2:25-cv-03395-GW-RAOx)***

/s/ Nicholas Mayfield

Nicholas Ryan Mayfield

- 21 -

**THE GORI LAW FIRM PC**
156 N. Main Street
Edwardsville, IL 62025
Tel: 618-600-1166
Email: rmayfield@gorilaw.com

Counsel for Plaintiff
Michael White on behalf of K.L.W. and K.L.W.


/s/ Joseph Osborne
Joseph A. Osborne
**OSBORNE AND ASSOCIATES LAW FIRM PA**
433 Plaza Real Suite 271
Boca Raton, FL 33432
Tel: 561-293-2600
Fax: 561-923-8100
Email: josborne@oa-lawfirm.com
Email: josborne@realtoughlawyers.com

Counsel for Plaintiff
Michael Luong
***(Related to 2:25-cv-03397-GW-RAOx) on behalf of D.L.***


/s/ Justin Parafinczuk
Justin Parafinczuk
**PARAFINCZUK WOLF LAW FIRM**
5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Tel: 954-462-6700
Email: JParafinczuk@parawolf.com
Email: JParafinczuk@pwslawfirm.com

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

1

2
/s/ Jason Alperstein

3
Jason H. Alperstein
**CARELLA BYRNE CECCHI BRODY &**
**AGNELLO, P.C.**

4
5 Becker Farm Road

5
Roseland, New Jersey 07068
Tel: 973-994-1700

6
Email: jcecchi@carellabyrne.com

7
Email: jalperstein@carellabyrne.com

8
Email: jsteele@carellabyrne.com

9
Counsel for Plaintiff

10
J.R. *A Minor, by and through his legal*
*guardian, Sal Rivera*

11

12
H.T. *A Minor, By and through her Legal*
*Guardian, MILAGRO ALMODOVAR,*

13
*(Related to 2:25-cv-03399-GW-RAOx)*

14

15
/s/  Kiley Grombacher

16
Kiley L. Grombacher, Esq.
**BRADLEY/GROMBACHER LLP**

17
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361

18
Tel: 866-881-0403

19
Email: kgrombacher@bradleygrombacher.com

20
Counsel for Plaintiff

21
Nick McKissick *on behalf of* A.M.
**(Related to 2:25-cv-03118-GW-RAOx)**

22

23
M.S., A.M., B.L., E.H., J.H.,
**(Related to LACV24-06784-GW (RAOx)**

24

25

26
/s/ Bryan Aylstock

27
Bryan F. Aylstock, Esq.
**AYLSTOCK WITKIN KREIS**
**OVERHOLTZ PLLC**

28
17 East Main Street, Suite 200

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

Pensacola, Florida 32502
Tel: 850-202-1010
Email: baylstock@awkolaw.com
Email: nguntner@awkolaw.com

Counsel for Plaintiffs
Scott Humbert on behalf of E.H. and J.H.,
Tonia Lightwine on behalf of B.L., Monroe
Seigle on behalf of M.S.,

/s/ Thoms W. Pirtle

Thomas W. Pirtle
**LAMINACK PIRTLE & MARTINES**
5020 Montrose Boulevard, 9th Floor
Houston, TX 77006
Tel: 713-292-2750
Email: tomp@lpm-triallaw.com
Counsel for Plaintiffs
Scott Humbert on behalf of E.H. and J.H., Tonia
Lightwine on behalf of B.L., Monroe Seigle on
behalf of M.S.,

/s/ Casper Jivalagian

Caspar S Jivalagian
**KJT LAW GROUP LLP**
230 North Maryland Avenue Suite 306
Glendale, CA 91206-423
Tel: 6818-507-8525
Fax: 818-507-8588
Email: caspar@kjtlawgroup.com

Counsel for Plaintiff
A. A. *a minor, by and through their guardian
ad litem, MARCELO MUTO;* A. B. *a minor, by
and through their guardian ad litem
HEATHER BRESSETTE;* A. C. *a minor, by
and through their guardian ad litem
HEATHER BRESSETTE*
***(Related to LACV24-6784-GW (RAOx)***

- 24 -

1

2        /s/ Steven Bloch
        _____
3        Steven L. Bloch
        **SILVER GOLUB AND TEITELL LLP**
4        One Landmark Square 15th Floor
        Stamford, CT 06901
5        Tel: 203-325-4491
        Fax: 203-325-3769
6        Email: sbloch@sgtlaw.com
        Email: dgolub@sgtlaw.com
7        Email: jsclar@sgtlaw.com
        Email: isloss@sgtlaw.com
8

9        Counsel for Plaintiff
10       A. A. *a minor, by and through their guardian*
        *ad litem, MARCELO MUTO;* A. B. *a minor, by*
11       *and through their guardian ad litem*
        *HEATHER BRESSETTE;* A. C. *a minor, by*
12       *and through their guardian ad litem*
        *HEATHER BRESSETTE*
13       **(Related to LACV24-6784-GW (RAOx)**
        Jody Villanueva *on behalf of* J.C., Angela
14       Faucett *on behalf of* K. F., Lamartine Pierre, Jr.
        *on behalf of* C. P.
15       ***Related to 2:24-cv-07922-ODW-RAO***

16       Alexis Douglas *on behalf of* A. J., Marcelo
        Muto *on behalf of* B. M., Heather Bresette *on*
17       *behalf of* L F., Darryl Maultsby *on behalf of* D.
        M., Kayla Jaramillo *Guardian Ad Litem* J. W.
18       ***Related for LACV24-6784-GW (RAOx)***

19       Ryan Hoyt *on behalf of* D. R. H. *on behalf of* D
        W. H. *on behalf of* R. W., Valerie Gates *on*
20       *behalf of* A G.
        ***Related to 2:24-cv-06784-GW (RAOx)***
21

22

23

24

25

26       /s/ Mark Todzo
        _____
27       Mark N. Todzo
        **LEXINGTON LAW GROUP LLP**
28

                                         - 25 -            JOINT STATUS REPORT
                                                           NO. 2:25-ML-03144-GW

503 Divisadero Street
San Francisco, CA 94117
Tel: 415-913-7800
Fax: 415-759-4112
Email: mtodzo@lexlawgroup.com
Email: pcarey@lexlawgroup.com

Counsel for Plaintiff/Consol Plaintiff
A. A. *a minor, by and through their guardian ad litem, MARCELO MUTO;* A. B. *a minor, by and through their guardian ad litem HEATHER BRESSETTE;* A. C. *a minor, by and through their guardian ad litem HEATHER BRESSETTE*
***(Related to LACV24-6784-GW (RAOx)***

Darryl Maultsby *on behalf of* D. M., Kayla Jaramillo *Guardian Ad Litem* J. W.
***(Related to LACV24-06784-GW (RAOx)***

/s/ paul hoffman

Paul L Hoffman
**SCHONBUCH SEPLOW HARRIS HOFFMAN AND ZELDES LLP**
200 Pier Avenue Suite 226
Hermosa Beach, CA 90254
Tel: 310-717-7373
Fax: 310-399-7040
Email: hoffpaul@aol.com

Counsel for Plaintiff/
Jody Villanueva *on behalf of* J.C., Angela Faucett *on behalf of* K. F., Lamartine Pierre, Jr. *on behalf of* C. P.
***Related to LACV24-07922-GW(RAOx)***

Alexis Douglas *on behalf of* A. J., Marcelo Muto *on behalf of* B. M., Heather Bresette *on behalf of* L F., Darryl Maultsby *on behalf of* D. M., Kayla Jaramillo *Guardian Ad Litem* J. W.

- 26 -

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Related for LACV24-6784-GW (RAOx)*

Ryan Hoyt *on behalf of* D. R. H. *on behalf of* D W. H. *on behalf of* R. W., Valerie Gates *on behalf of* A G.
***Related to 2:24-cv-06784-GW (RAOx)***

/s/ Thomas Cartmell

Thomas P. Cartmell
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Tel: 816-701-1100
Email: lscarcello@wcllp.com
Email: tcartmell@wcllp.com
Email: ebarton@wcllp.com
Email: thudson@wcllp.com

Counsel for Plaintiff
**Christina Middleton** *as guardian and next of kin on behalf of A.B., individually and on behalf of all others similarly situated (Related to LACV25-03120-GW(RAOx)*

/s/ Christopher Ayers

Christopher L. Ayers
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, New Jersey 07660
Tel: 888-546-8799
Email: cseeger@seegerweiss.com
Email: cayers@seegerweiss.com
Email: jscullion@seegerweiss.com

Counsel for Plaintiff

- 27 -

1

2

3

**Kathleen Lanser** *as guardian and next of kin on behalf of A.L. (Related 2:25-cv-03121-GW-RAOx)*

4

5

6

/s/ Francis Flynn

Francis J Flynn, Jr.
**LAW OFFICE OF FRANCIS J. FLYNN JR.**

7

8

9

6057 Metropolitan Plaza
Los Angeles, CA 90036
Tel: 314-662-2836
Email: casey@lawofficeflynn.com

10

11

12

13

14

Counsel for Plaintiffs
**Ryan Armbruster** *as parent and guardian of his minor child, C.A. (Related to 2:25-cv-03338-GW-RAOx)*
**Yolanda Berry** *as parent and guardian of her minor child C.C. (Related to 2:25-cv-03338-GW-RAOx)*

15

16

17

s/ Jeffrey Ostrow

Jeffrey E. Ostrow
**SIMPSON THACHER AND BARTLETT LLP**

18

19

20

21

22

2475 Hanover Street
Palo Alto, CA 94304
Tel: 650-251-5000
Fax: 650-251-5002
Email: jostrow@stblaw.com

23

24

25

Counsel for Plaintiff
**H.T.** *A Minor, By and through her Legal Guardian, MILAGRO ALMODOVAR, (Related to 2:25-cv-03399-GW-RAOx)*

26

27

28

**/s/ Charles HALL**

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW

Charles Philip Hall
**PHIL HALL PA**
4300 Bayou Boulevard Suite 32
Pensacola, FL 32503
Tel: 850-760-2156
Email: phil@askalawyerfirst.com

Counsel for Plaintiff
Katrice Lindsey *on behalf of* JDW, JYW and SMW
***(Related to 2:25-cv-03396-GW-RAOx)***


/s/ Mattew Stonestreet

Matthew Stonestreet
**THE GIATRAS LAW FIRM**
118 Capitol Street, Suite 400
Charleston, WV 25301
Tel: 304-343-2900
Fax: 304/343-2942
Email: matt@thewvlawfirm.com
Email: troy@thewvlawfirm.com

Counsel Plaintiff
**Amanda Hinkle,**
**A. H.** *a minor,*


/s/ Roderick Alvendia

Roderick Alvendia
**ALVENDIA, KELLY & DEMARES**
909 Poydras St., Suite 1625
New Orleans, LA 70112
Tel: 504-618-1601
Email: rico@akdlaw.com

Counsel For

- 29 -

1

2  /s/ Marcus Smith

3  Marcus P. Smith
   Zachary L. Cowan
4  Trial Attorneys
   Consumer Protection Branch
5  Civil Division, U.S. Department of Justice
   450 5th Street, NW Suite 6400-South
6  Washington, D.C. 20001
   Tel: (202) 353-9712 (Smith)
7  Tel: (202) 353-7728 (Cowan)
8  Marcus.P.Smith@usdoj.gov
   Zachary.L.Cowan@usdoj.gov
9

10

11  /s/ Andre Mura

12  Andre M. Mura
    Steve Lopez
13  Hanne Jensen
    Anna J. Katz
14
    **GIBBS MURA LLP**
15  1111 Broadway Street, Suite 2100
    Oakland, California 94607
16  Telephone: (510) 350-9700
    Facsimile: (510) 350-9701
17  Email: amm@classlawgroup.com
18  Email: sal@classlawgroup.com
19  Email: hj@classlawgroup.com
20  Email: ajk@classlawgroup.com

21
    Attorneys for Plaintiffs
22  Green, on behalf of S.V., and Vazquez, on
23  behalf of J.B., and the Proposed Classes

24

25

26

27

28

JOINT STATUS REPORT
NO. 2:25-ML-03144-GW