**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 24-6535-GW-RAOx | Date | August 24, 2026 |
| Title | *United States of America v. Bytedance, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**PROCEEDINGS: IN CHAMBERS - ORDER ON JOINT STIPULATION OF DISMISSAL [83]**

The Court has received the Joint Stipulation of Dismissal ("Stipulation," ECF No. 83) wherein it is stated, in relevant part, that the parties "stipulate and agree to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The dismissal shall be with prejudice." The Stipulation does not state whether the dismissal is based upon a settlement agreement of the parties; what the terms of the settlement are; and/or whether the parties wish for the Court to retain jurisdiction over the case to enforce the terms of the settlement should that need arise.

Given the significant issues raised within this litigation and this Court's interest/curiosity in any resolution so suddenly reached by the parties, it is tempted to inquire of the parties. Unfortunately, the Court concludes that it lacks the power to do so. "Stipulation of dismissal ordinarily and automatically strips [the] district court of subject-matter jurisdiction, and thus any action by [the] district court after filing of such stipulation typically can have no force or effect." 1A Fed. Proc. Forms § 1C:26; *see also Walker v. Arizona*, 158 F.4th 971, 984 (9th Cir. 2025) (holding that when the parties "jointly stipulated to dismiss Walker's pending federal claims in this removed case, the district court lost jurisdiction"). Further, in *Smith v. Phillips*, 881 F.2d 902 (10th Cir. 1989), after the parties filed a stipulated dismissal under Rule 41(a)(1)(ii), the predecessor to the current Rule 41(a)(1)(A)(ii), the district court *sua sponte* ordered them to disclose the terms and amount of their confidential settlement. The Tenth Circuit granted mandamus, holding that the filing of the stipulation ended the case and deprived the district court of authority to compel disclosure of a settlement. *See id*. at 904-06 ("Allowing the district court to force the disclosure of a settlement agreement that was not part of the record or subject to any court order effectively would deprive the parties of their right to unconditional dismissal under Rule 41(a)(1)(ii).").

In light of the above, this action is dismissed with prejudice and the case closed.

______ : ______

Initials of Preparer JG